## Maiman-Hurwitz Manufacturing Company, Plaintiff in Error, v. David Maiman, Defendant in Error.

### Gen. No. 30,897.

1. PLEADING—*when replication to so-called "motion to strike and plea in abatement" improperly stricken.* Where the replication to a so-called "motion to strike and plea in abatement" presents an issue of fact determinable only on evidence, it was error to strike such replication and enter judgment for defendant upon the "plea."

2. PLEADING—*sufficiency of so-called "motion to strike and plea in abatement" as plea in abatement.* Where a so-called "motion to strike and plea in abatement," directed to the amended declaration in an action against the guarantor of an account for goods sold and delivered, contained allegations of fact which were manifestly inconsistent, it was error to enter judgment for defendant upon

such pleading as a good plea in abatement, it being the duty of the court to grant plaintiff's motion to strike the so-called plea and direct defendant to plead to such amended declaration.

3. PLEADING—*when amended declaration does not state new or different cause of action.* Where a declaration by assignees of a cause of action against the guarantor of an account for goods sold and delivered was held bad on demurrer, an amended declaration in the name of the assignor corporation upon the same cause of action and against the same defendant was not the beginning of a new suit or the statement of a new or different cause of action.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. L. P. HARRISS, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed October 5, 1926. Rehearing denied October 18, 1926.

GALLAGHER, SHULMAN, ABRAMS & HENRY, for plaintiff in error; VINCENT G. GALLAGHER and MEYER ABRAMS, of counsel.

HOOVER & CODY, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error brings up for review the action of the superior court in sustaining defendant's plea in abatement and entering judgment against plaintiff for costs.

The action was in assumpsit and was begun on April 2, 1924, in the name of Benzion L. Hurwitz and David Maiman, as assignees of the Maiman-Hurwitz Manufacturing Company, a corporation, against David Maiman, to recover a balance alleged to be due to the corporation upon an account for goods sold and delivered to Joseph Maiman, which account was guaranteed by the defendant David Maiman. After a general and special demurrer to the declaration, as originally filed, had been sustained and leave given to file an amended declaration, an amended declaration was filed on July 21, 1925, in the name of

the corporation, as plaintiff, against David Maiman, upon the same cause of action, but omitting all reference to any assignment of the claim by the corporation. Thereupon, on defendant's motion, the general and special demurrer to the original declaration was permitted to stand as a demurrer to the amended declaration, and defendant also filed a document labeled "Motion to Strike and Plea in Abatement," which is the plea eventually sustained by the trial court.

That document is, in form, a motion to strike the amended declaration from the files, for four alleged reasons, which may be briefly stated as follows:    (1) That the amended declaration names an entirely new plaintiff and constitutes a new cause of action; (2) that the plaintiff corporation is "in fact duly dissolved and no longer has a corporate existence"; that it assigned all its accounts and property to David Maiman and Benzion L. Hurwitz prior to its dissolution, which occurred in July, 1922, but that "there was no claim or demand due from the defendant to the said corporation" at that time; (3) that plaintiff, having no legal existence, could not authorize anyone, as its agent, to make the affidavit of plaintiff's claim, which is attached to the amended declaration; (4) that the cause of action stated in the amended declaration "has no existence in fact," but if the facts therein alleged were true, then defendant would be both plaintiff and defendant in the same action.

The record shows that in November, 1925, the demurrer to plaintiff's amended declaration was overruled, as well as the motion to strike the amended declaration from the files, and that plaintiff was ruled to reply to "the defendant's plea in abatement" within ten days. The record further shows that this time was later extended by stipulation, and that within the stipulated period as extended, a replication was filed in the usual form of replication to a plea, alleging that plaintiff's cause of action, as stated in its amended

declaration, existed at the date of the dissolution of the corporation, upon a valid claim and demand due it from the defendant at the date of such dissolution and that suit upon its said claim was instituted by the plaintiff within two years from the date of such dissolution. The replication concludes to the country.

The record also shows that thereafter certain affidavits were filed in support of a motion to dismiss the suit upon the ground that the plaintiff's attorney had never been authorized by the corporation to bring suit in its name; but that motion was denied by the court, and as no cross-error had been assigned upon that action of the court, the correctness of that ruling is not here involved.

Thereupon, on defendant's motion, plaintiff's replication to defendant's plea in abatement was stricken from the files. Plaintiff then moved to strike from the files the defendant's plea in abatement and enter a default against defendant for want of a plea, and to find the issues in plaintiff's favor, which motions were denied. Then, on defendant's motion, a final order was entered abating the cause of action "on defendant's plea in abatement" and giving judgment against plaintiff for costs. Exceptions to these rulings against the plaintiff were duly preserved.

We are of the opinion that the court erred in striking the plaintiff's replication from the files and entering judgment for the defendant upon the so-called "motion to strike and plea in abatement." As the action was one at law, in a court where common-law pleadings are still used, the motion to strike plaintiff's amended declaration was not proper in any event. However, if such a motion could properly be considered, none of the alleged reasons therein stated is a sufficient reason to justify the court in striking the amended declaration from the files. This seems to have been recognized by the court, for the record does not show that the declaration was in fact stricken

from the files, or that the motion to strike, as such, was sustained. The order actually entered treated the document as a plea in abatement, and without any trial thereon sustained the plea and "abated" the suit. If the document can be treated either as a plea in abatement or a plea in bar, the replication thereto tenders an issue of fact which it was error to dispose of without a trial of such issue. If the averments of the replication are true, in point of fact, the facts alleged in the plea (if its averments can be considered as statements of fact) cannot also be true. If it be true, as stated in the replication, that the cause of action set forth in the amended declaration existed in favor of the plaintiff corporation when it was dissolved, and suit thereon was begun within two years thereafter, although in the name of the alleged assignees, then the filing of the amended declaration in the name of the corporation, omitting the names of the assignees, was in no sense the beginning of a new suit or the statement of a new and different cause of action. It was merely the substitution of the proper party plaintiff, which is expressly authorized by the statute of amendments, and which, so far as defendant is concerned, relates back to the date of the commencement of the suit. (*United States Ins. Co. v. Ludwig,* 108 Ill. 514.) While it is true that the so-called plea alleges that the cause of action declared on in the amended declaration was assigned by the plaintiff corporation before its dissolution, it also alleges that "there was no claim or demand due from the defendant to the said corporation at the time of the aforesaid assignment or at the time of its dissolution." It is apparent that both of these allegations cannot be true. It is also apparent that the court could not determine which, if either, is true, without evidence, and none was heard.

In courts where common-law methods of procedure and practice prevail, it would appear to be well for

counsel to follow recognized forms of common-law pleading, and not attempt to invoke the aid of such a hybrid "motion and plea" as was filed in this case. Such documents are apt to be confusing both to court and counsel, and neither a trial court nor this court ought to be required to spend its time solving such puzzles as are presented by this record. The motion of plaintiff to strike the so-called plea should have been allowed, and defendant should have been ruled to plead to the amended declaration.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.