## Maiman-Hurwitz Manufacturing Company, Plaintiff In Error, v. David Maiman, Defendant in Error.

### Gen. No. 31,677.

1. MOTIONS AND ORDERS—*right to proceed and matters to which motion is confined.* The right to proceed by motion implies the pendency of a suit between the parties, and is confined to incidental matters in the progress of the cause.

2. DISCONTINUANCE, DISMISSAL AND NONSUIT—*expunging order to dismiss when jurisdiction lacking to entertain motion to dismiss.* Where, prior to the entry of a judgment for defendant abating an action, defendant moved to dismiss the suit but no action is taken on the motion

until a subsequent term, the motion to dismiss is merged into the judgment, which has not been disturbed, and the court has lost jurisdiction of the cause and, therefore, an order granting the motion to dismiss is void and should be expunged in accordance with a motion to that effect made by plaintiff after the cause was redocketed upon a reversal of the judgment with a remandment for further proceedings.

3. DEFAULTS—*when motion to default defendant for want of plea should not be granted.* Where, prior to the entry of a judgment for defendant abating an action, defendant moved to dismiss the suit but no action is taken thereon until a subsequent term, the motion to dismiss is merged into the judgment, which has not been disturbed, and, after a reversal of the judgment and a remandment of the cause for further proceedings, plaintiff's motion for a default judgment against defendant for want of a plea should not be granted, although defendant's motion to dismiss was void and plaintiff's motion, after the remand, to expunge the order of dismissal was entitled to be granted.

Error by plaintiff to the Superior Court of Cook county; the Hon. R. R. FOWLER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1927. Reversed and remanded with directions. Opinion filed January 31, 1928. Rehearing denied February 14, 1928.

GALLAGHER, SHULMAN, ABRAMS & HENRY, for plaintiff in error.

HOOVER & CODY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The action in the court below was in assumpsit. On February 13, 1926, the trial court, on defendant's motion, "abated" the cause of action and entered a judgment against plaintiff for costs. A writ of error to review such judgment was sued out of this court four days later, February 17, and served on defendant in error on the 19th. Before entry of such judgment defendant moved for a dismissal of the suit for want of authority on the part of plaintiff's attorneys to file and prosecute it. The motion was denied. Later in the month, on the 25th, the trial court gave defendant

leave to file a motion to set aside the order denying that motion, and continued the motion to March 6, 1926, the next term of court, when the court vacated said order and ordered the dismissal of the cause of action for want of such authority. Plaintiff's attor- neys appeared and excepted to the order.

On October 5, 1926, this court rendered an opinion upon the former writ of error reversing said judgment abating the action for error in disposing of the case without a proper presentation of the issues, and re- manded the cause for further proceedings not incon- sistent with the views therein expressed. (242 Ill. App. 45, 50.) The mandate of the court to such effect was filed in the court below November 12, 1926, and the cause was redocketed November 29. On Decem- ber 4, 1926, plaintiff made a motion to expunge from the record the order of March 6, 1926, and for a rule on defendant to plead in accordance with the opinion of this court. It was denied. After such ruling plain- tiff moved the court to default the defendant for want of a plea and enter judgment for plaintiff on its dec- laration and affidavit of claim attached thereto. That motion was not entertained, the order stating "the court considers this case dismissed by the order of March 6, 1926, and refuses to entertain plaintiff's mo- tion." A bill of exceptions setting forth such pro- ceedings was properly filed *nunc pro tunc* as of De- cember 8, 1926, when it was duly presented, and this writ of error was sued out to review the action of the court as aforesaid.

Conceding the trial court still had jurisdiction dur- ing the February term to vacate the judgment of Feb- ruary 13 abating the action, no motion to that effect was made and when the term ended that judgment stood and had disposed of the case, and the suit as well as the jurisdiction of the court over it had also ended. Thereafter, no motion therein was availing. "The right to proceed by motion implies the pendency

of a suit between the parties, and is confined to incidental matters in the progress of the cause.'' (28 Cyc., pp. 4, 5; *Hill v. Richards,* 11 Smedes M. & M. [Miss.] 194.) When, therefore, the motion to dismiss the suit came up for hearing on March 6, 1926, at the following term, although previously continued to that term, no suit was pending. It had merged into a judgment over which the court had lost jurisdiction to disturb. There being nothing, therefore, to which the motion could attach, the court had no jurisdiction to entertain it. The order granting it was void and should, in accordance with plaintiff's motion, have been expunged, and such proceedings had as the mandate directed. (*People ex rel. Horberg v. Waite,* 243 Ill. 156, 161.) Plaintiff's motion for judgment, however, was not warranted by the record.

The case therefore stands, as it stood on reinstatement, for compliance with the mandate of this court. The order denying plaintiff's said motion to expunge is, therefore, reversed with direction to allow the same, and for compliance with the previous mandate of this court.

The merits of the motion to dismiss the suit for want of authority to bring it are not before us for consideration.

*Reversed and remanded with directions.*

GRIDLEY and SCANLAN, JJ., concur.