(June 26, 1902.)

## AMERICAN HYDRAULIC PLACER CO. v. RICH. JUDGE.
### [69 Pac. 280.]

MANDATE TO DISTRICT COURT—CONSTRUE OPINION AND ORDER.—On application for a writ of mandate to the district court to compel obedience to the order of this court, it is proper for this court to construe its own order in connection with its opinion, and, if it finds that the district court has erred or acted beyond its power in construing the mandate or opinion, to correct such mistake by writ of mandate.

(Syllabus by the court.)

ORIGINAL proceeding in Supreme Court for writ of mandate.

F. S. Dietrich, for Plaintiff.

*Mandamus* proper remedy. (*Gaines v. Rugg,* 148 U. S. 228, 13 Sup. Ct. Rep. 611, 37 L. ed. 432; *United States v. Camon,* 184 U. S. 572, 22 Sup. Ct. Rep. 505; *State v. Norrell,* 77 Utah, 8, 53 Pac. 610; *In re Christenson's Estate,* 23 Utah, 209, 63 Pac. 896; *Soule v. Dawes,* 14 Cal. 248.) Where facts are before the supreme court, it can render or order judgment. (*Ollis v. Kirkpatrick,* 3 Idaho, 247, 28 Pac. 435; *Burke etc. L. Co. v.*

*Wells, Fargo & Co.,* 7 Idaho, 42, 60 Pac. 87; *Idaho Gold etc. Co. v. U. M. & M. Co.,* 5 Idaho, 107, 47 Pac. 97; *Hall x. Blackman,* ante, p. 272, 68 Pac. 19.)

Hawley & Puckett, for Defendant.

While the prerogative features of the writ of mandate have been almost eliminated in this country, it is still regarded as an extraordinary remedy. (High on Extraordinary Remedies, 7.) "Wherever an express remedy is afforded by statute, plain and specific in its nature, and fully adequate to redress the grievance complained of, *mandamus* will not lie. (High on Extraordinary Remedies, 22, and note, 1.) *Mandamus* will never lie to review action of the court judicial in its nature, but the remedy, if error has been committed, is by appeal. (*People v. Pratt,* 28 Cal. 166, 87 Am. Dec. 110; *People ex rel. Polhemus v. Pratt,* 28 Cal. 166, 87 Am. Dec. 110.) Nor to review action of court which is judicial and discretionary. (*Arberry v. Beavers,* 6 Tex. 457, 55 Am. Dec. 791.) *Mandamus* does not lie when other effectual remedy exists, but is to be invoked only in cases of the last necessity. (*Reading v. Connecticut,* 11 Pa. St. 196, 51 Am. Dec. 534.)

SULLIVAN, J.—This is an application for a writ of mandate to the Honorable J. C. Rich, judge of the fifth judicial district of the state of Idaho, to compel him to enter judgment in the case of *Dalliba v. Riggs,* 7 Idaho, 779, 67 Pac. 435, in compliance with the views expressed in the opinion of this court, as modified upon the rehearing of the appeal in said case. (See *Dalliba v. Riggs, supra.*) That action was brought to foreclose an alleged equitable lien upon certain placer mining claims situated in Bingham county, and to recover net profits arising from the working of said mines, and to have certain mortgages therein set forth declared fraudulent and void. The case was exhaustively tried, and evidence upon all of the issues submitted, and judgment was entered for plaintiffs. On appeal this court reversed the judgment, holding that, under the contract sued on, the plaintiffs were not entitled to the foreclosure of said alleged equitable mortgage on said mines

and that their lien was on certain shares of stock theretofore deposited and pledged for the payment of the balance of the purchase price of said mines; and the cause was remanded for further proceedings in accordance with the views expressed in said opinion. A petition for a rehearing was filed, and this court in that proceeding passed upon the validity of a certain $75,000 mortgage, and a $3,000 mortgage, and on the issue that large profits had been made in operating said mines; holding that said mortgages were valid to the extent of $37,000, and that the evidence failed to show that any profits whatever had been realized from the working of said mines. The cause was thereupon remanded for "further proceedings in conformity with the views expressed in the original opinion herein, as modified by the views expressed herein." Thereafter the *remittitur* of this court was duly filed with the clerk of the trial court on February 5, 1902; and on March 17, 1902, said trial court convened in regular session in said Bingham county, and counsel moved that judgment be entered in accordance with the provisions of said *remittitur,* dismissing said action. Thereupon one of the counsel for plaintiffs suggested to the court that he expected his associates to be present, and requested that action be deferred until their presence. At divers times during said term of court, counsel for defendants called the matter to the attention of the court, and demanded that judgment be entered. But the court delayed the matter until April 3, 1902, when counsel for plaintiffs made application for leave to amend the complaint, which application was resisted by counsel for defendant; and after argument the court granted said application, and gave plaintiffs thirty days in which to present their amendments, and the action was continued for the term, thus denying the motion to enter judgment dismissing said action. The facts are fully set out in the affidavit and petition for the writ.

If the opinion of this court, as modified by the opinion on the petition for a rehearing in said case, disposed of the issues in said case, and left nothing to be done but the entry of a judgment dismissing said action, then the writ must issue. We are called upon to construe our own opinion. It was held in

*Gaines v. Rugg,* 148 U. S. 228, 13 Sup. Ct. Rep. 611, 37 L. ed. 432, that it was proper for a court to construe its own mandate in connection with its opinion, and, if it finds that the trial court erred or acted beyond its province in construing the mandate and opinion, the mistake may be corrected by *mandamus.* In *Soule v. Dawes,* 14 Cal. 248, the court said: "The whole case was fully presented on the proofs. This court, upon the pleadings and proofs, decided that the lien of Ritter was paramount to the claim of plaintiffs predicated upon the mechanic's lien. . . . . Afterward, on the return of the *remittitur* the whole case was retried, against the objection of Ritter, the appellant, and a decree rendered against him. In a chancery cause, where all the proofs are in, and the case fully before the lower and the appellate court, the judgment of the latter is conclusive, when it passes upon the merits of the controversy so presented; and, upon the reversal of the decree below, that court can take no further proceedings, unless authorized by the appellate court, except such as are necessary to give effect to the judgment of this court." The opinion in that case is peculiarly applicable to the case at bar. This case was fully tried upon the pleadings and proofs offered, and the case was fully before the trial court, and fully presented to this court. This court passed upon the merits of the controversy so presented and left nothing for the lower court to do but to dismiss the action and enter judgment of dismissal. Said action, however, does not bar the plaintiffs from protecting their rights in and to the shares of stock deposited with the trustee to secure the payment of the balance of the purchase price of said mines, and to recover any net profits that may be made in the working of said mines; and they may bring an action for that purpose, if they desire to do so.

As the trial court, through a misconstruction of the opinion and order of this court, permitted the respondents to amend their complaint, and refused to enter judgment dismissing said action, the writ of mandate must issue, directing said court to enter judgment dismissing said action, and it is so ordered, the defendant to pay the costs of this proceeding. We presume, of

course, that the real parties in interest will see that the defendant is not required to pay any costs herein.

Stockslager, J., concurs.

QUARLES, C. J.—I dissent. When this court reverses a judgment, and remands it to the district court for the purpose of entering a certain judgment, it should so direct in the *remittitur*. In *Jones v. Stoddart,* ante, p. 210, 67 Pac. 650, this court held that the plaintiff might, by amended complaint, change the nature of his claim. That was an equitable action. The action of this court in this proceeding precludes the respondents in the appeal set forth in the petition from exercising that right.