THE PEOPLE ex rel. J. August Horberg, County Treasurer,
Appellant, vs. HATTIE N. WAITE, Appellee.

*Opinion filed December 22, 1909.*

1. PRACTICE—*if specific directions are given on remandment they must be followed.* If a judgment is reversed and the cause is remanded with specific directions, the trial court can do nothing but follow such directions; and if no specific directions are given, it must be determined from the nature of the case what proceedings will not be inconsistent with the opinion.

2. SAME—*it is always the duty of the trial court to proceed in conformity with the opinion.* It is always the duty of the inferior court to proceed in conformity with the views expressed in the opinion of the appellate tribunal, whether there is a general direction to that effect or not.

3. SAME—*rule where cause is remanded generally and parties are not entitled to jury trial.* If a cause wherein the parties are not entitled to a jury trial is determined by the appellate tribunal on its merits and the cause is remanded generally, the inferior court can do nothing but enter a judgment accordingly.

4. RES JUDICATA—*distinction between judgment of reversal and judgment of affirmance.* Where a judgment is reversed and the cause is remanded the judgment is conclusive only of the questions actually decided; but if a cause is tried on its merits in the trial court, a judgment of affirmance is conclusive whether the merits of the case were considered by the appellate tribunal or not, and is conclusive not only of the matters determined, but also of those which might have been raised and determined.

5. TAXES—*when additional objections may be filed on re-docketing cause.* Where the only objections to a drainage assessment which were considered by the Supreme Court relate to the question of variance and an absence of notice and are held to have been properly overruled, but the judgment in favor of the collector is reversed because it was not signed by the judge and the cause is remanded generally, it is proper, on re-docketing the cause, to permit additional objections to be filed showing that the classification has been conclusively determined to be void.

6. SAME—*what constitutes estoppel by judgment.* Where the county court, upon application for judgment of sale for a delinquent drainage assessment, sustains an objection going to the merits of the case and holding the classification to be void, and the action of the county court is sustained by the Supreme Court, such judgment of affirmance conclusively settles the controversy though

the case was not considered by the Supreme Court on its merits, and the judgment operates as an estoppel by judgment as to all assessments against the objector's land which are based upon the same classification.

APPEAL from the County Court of Henry county; the Hon. ALBERT E. BERGLAND, Judge, presiding.

CHARLES E. STURTZ, State's Attorney, HENRY WATERMAN, and GEORGE S. SKINNER, for appellant.

GEORGE W. & JOSEPH L. SHAW, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the June term, 1906, of the county court of Henry county the county collector made application for judgment against lands of the appellee, Hattie N. Waite, for a delinquent assessment of the Green River Special Drainage District in Henry and Bureau counties for the year 1905. She appeared and filed objections, which were overruled, and a judgment and order of sale, not signed by the judge, was entered in the record. She sued out a writ of error from this court to review the judgment, and on June 19, 1907, it was reversed and the cause was remanded to the county court. (*Waite* v. *People,* 228 Ill. 173.) At the June term, 1907, of the county court the collector again applied for judgment and order of sale against the same lands for a delinquent assessment of the same district for the year 1906. The appellee appeared and filed five objections to the application, the first objection being that the assessment was based on the classification of lands in the district made January 17, 1905, and confirmed February 8, 1905, without legal notice to appellee. The third objection was that a part of two tracts of land were outside of the district and not subject to any assessment. The fourth was that the classification and assessment of benefits were made before condemnation proceedings were begun to ob-

tain the right of way over the land; that condemnation proceedings were begun April 5, 1906, and judgment was thereafter rendered for the value of the land taken and damages to land not taken; that the commissioners excavated a large ditch through the land taken, and the four northern 40-acre tracts by that act received no benefit but were seriously damaged; and the fifth was that land actually taken by the district was assessed. The said objections were sustained by the court, and the assessment, and classification upon which it was based, were held to be null and void and judgment was denied. That judgment was affirmed by this court on December 15, 1908. (*People* v. *Waite,* 237 Ill. 164.) At the June term, 1908, of the county court the collector again applied for judgment and order of sale against the same lands for the delinquent assessment of the drainage district for the year 1907. The abstract of the record is quite defective, and omits the date of filing the mandate of this court in pursuance of the judgment of June 19, 1907, and the order of the county court re-docketing the cause. The further proceedings concerning the assessment of 1905 are not clearly shown. It appears, however, that the application of the collector in the year 1908 included the assessment for the year 1905, and it is so stated by counsel for appellant. The appellee appeared and again objected, interposing the same objections above stated as were made to the application of 1907. The court sustained the objections and refused judgment, and no appeal was taken or writ of error prosecuted. At some time not disclosed by the abstract the appellee filed objections to the assessment of 1905 in the case in which the judgment had been reversed and the cause remanded by this court, in addition to the objections made on the original hearing. By these objections she set up the judgment of the county court in 1907 and the judgment of affirmance by this court and the judgment of the county court in 1908, both of which were based on the same classi-

fication, as estoppels by judgment, and also insisted that the assessment for 1905 being included in the application of the collector in 1908, the judgment thereon finally determined the controversy as to that assessment and the questions became *res judicata.* When the case came on for trial at the June term, 1909, of the county court, the collector moved the court to strike said objections from the files and to enter judgment and order of sale for the reasons that this court, in deciding the first case, had sustained the county court in overruling the objections of appellee and reversed the judgment merely because the judgment and order of sale was not signed by the judge, and that the judgment was not involved in the remanding order. Further reasons were given which counsel say are not urged. Appellee entered her cross-motion for leave to have her objections stand as a part of the record in this case, and the court denied the motion of the collector and allowed the cross-motion. At the same June term, 1909, the collector applied for judgment and order of sale against the lands for a delinquent assessment of 1908, and the appellee filed the same objections, setting up the former judgments as estoppels by judgment. The court sustained the objections to both applications and refused judgment for the assessment of 1905 and the one of 1908. Appeals were taken from both judgments, and the cases have been consolidated in this court.

Counsel for the collector contend that the judgment of this court on the first appeal was in his favor on the merits and the cause was merely remanded for the purpose of having a proper judgment entered; that when the cause was re-instated it was the duty of the county court to enter a proper judgment and order of sale; that the merits of the objections interposed in 1907 and repeated in 1908 were never inquired into in such a way as to make the judgments conclusive; that the judgment of this court on the second appeal was the result of erroneous proceedings

and not conclusive on the subsequent application of the collector, and that the judgment of 1908 may still be reviewed on writ of error. For these reasons it is insisted that the court erred in sustaining the objections.

On the application for judgment in 1906 the first objection of the appellee was that no demand was made or notice given by the county collector for the payment of the assessment, and this court held that no notice was required, and therefore that objection was properly overruled. Her second objection was based upon an alleged variance between the delinquent list and notice published, and inasmuch as another objection was filed which did not go to the jurisdiction of the court but was upon the merits, it was held that there had been a general appearance waiving the variance, and that the court did not err in overruling the objection. It appeared that no valid judgment had been rendered for the reason that the judge did not sign the judgment and order of sale, and the cause was reversed on account of the want of the judge's signature. In some cases where there has been no error prior to the entry of judgment the cause has been remanded with leave to the collector to move for, and direction to the court to enter, a proper judgment. (*Gage* v. *People,* 219 Ill. 20.) But that course was not taken in this instance. The cause was remanded generally, but it was not open in the county court as to questions presented by the record and decided by this court. The judgment of this court as to all the points and questions presented and decided forever concluded the parties and they could not be reconsidered by the county court. (*Rising* v. *Carr,* 70 Ill. 596; *Champaign County* v. *Reed,* 106 id. 389; *Smyth* v. *Neff,* 123 id. 310; *Village of Brooklyn* v. *Orthwein,* 140 id. 620.) If a judgment is reversed and the cause is remanded the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal, and if specific directions are given, nothing can be done except

to carry out such directions. (*Union Nat. Bank* v. *Hines*, 187 Ill. 109.) If no specific directions are given, it must be determined from the nature of the case what further proceedings would be proper and not inconsistent with the opinion. (3 Cyc. 486.) It is not required that specific directions shall be stated in an order reversing a judgment and remanding the cause, and it is the duty of the court to which the cause is remanded, to examine the opinion and proceed in conformity with the views expressed in it. (*Wadhams* v. *Gay*, 83 Ill. 250; *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 id. 30.) It makes no difference whether there is a general direction to proceed in conformity with the views expressed in the opinion or not, because that is always the duty of the inferior court, and if the issue has been determined upon its merits and the cause remanded generally, the court can do nothing but enter a judgment accordingly, if it is a case like this, where there is no right to a jury trial. (*In re Estate of Maher*, 210 Ill. 160; *Wenham* v. *International Packing Co.* 213 id. 397; *Prentice* v. *Crane*, 240 id. 250.) The only objections considered by this court on the first appeal were the two which have been stated,—*i. e.*, that there was no notice and was a variance,—and it was not inconsistent with that opinion to permit additional objections to be filed going to the merits of the case. If it had been true that the judgment on the first appeal was upon the merits the collector should have relied upon it in his subsequent applications, (*Chicago Theological Seminary* v. *People*, 189 Ill. 439,) and it does not appear that he set up the judgment as an adjudication of this court on the questions involved. As that judgment was one reversing the judgment of the county court and remanding the cause, it was only conclusive of questions actually decided, and when the cause had been re-docketed in the county court it was not improper to permit the appellee to set up the fact that the validity of the classification upon which all

243—11

the assessments rested had been finally and conclusively determined.

On the second appeal from the judgment of 1907 the record did not show any exception to the finding or judgment, and therefore the sufficiency of the evidence to support the judgment could not be inquired into. The only exceptions which could be considered related to the admission of evidence, and the merits of the case were not considered by this court. But that judgment stands on a different ground and has a different effect from the judgment of reversal and remandment. A judgment of affirmance finally settles and puts an end to the controversy and concludes the parties, whether the merits are considered on the appeal or not. Where a case has been decided in the trial court upon the merits and affirmed in an Appellate Court, it is equally conclusive whether the merits were considered in the Appellate Court or not. (24 Am. & Eng. Ency. of Law,—2d ed.—795.) If the judgment of 1906 had been affirmed appellee would have been concluded not only as to the objections actually made, but as to all others that might have been made. (*Neff* v. *Smyth,* 111 Ill. 100; *Warren* v. *Cook,* 116 id. 199; *Gross* v. *People,* 193 id. 260.) The judgment, however, was not affirmed, but it was found that there had been no valid judgment. The judgment of affirmance as to the assessment of 1906 and the judgment of the county court as to the assessment of 1907, based on the same classification as the assessments of 1905 and 1908 here involved, operate as an estoppel by judgment. The controlling fact in all cases being the same, the adjudications were conclusive of the same question in these cases. *Wright* v. *Griffey,* 147 Ill. 496; *Louisville, New Albany and Chicago Railway Co.* v. *Carson,* 169 id. 247; *Markley* v. *People,* 171 id. 260.

The appellee alleged in her objections that she was a life tenant of the premises and bound to pay all taxes and assessments legally levied thereon, and counsel for the col-

lector say that she was only liable for annual charges and not for assessments which were levied for permanent improvements, and that the court ought to have given judgment against the remainder-men to the extent of their liability. That question does not appear to have been presented to the county court, and if it had been, there is no evidence that the assessments were for permanent improvements which the remainder-men were bound to pay nor any basis for an apportionment between the life tenant and the remainder-men. In all the proceedings the objections of appellee were treated as objections to the entire assessment.

The judgments of the county court were correct, and they are affirmed.

*Judgments affirmed.*