STATE EX REL. UNITED STATES FIDELITY & GUAR-
ANTY CO., RELATOR, v. DISTRICT COURT ET AL., RE-
SPONDENTS.

(No. 6,063.)

(Submitted November 5, 1926.  Decided December 17, 1926.)

[251 Pac. 1061.]

*Mandamus—Appeal—Power of Supreme Court in Equity
Cases—Court may Construe Own Judgments—Reversal of
Judgment—Duty of District Court on Receipt of Remittitur
—Dismissal of Complaint—Want of Proper Parties in Equity
Case—When Court will not Order New Trial.*

Equity—Appeal—Supreme Court may Direct Entry of Final Judgment,
When.
   1.  Under section 8805, Revised Codes of 1921, on appeal in an
   equity case the supreme court must review all questions of law and
   of fact and may, where all the facts are presented, determine the
   case finally for the purpose of putting an end to further litigation.
Supreme Court may Construe Own Judgments—Misconstruction by Dis-
trict Court—Mandamus.
   2.  The supreme court may construe its own judgments and orders,
   and where the district court has misconstrued its order in remand-
   ing a case, or has acted beyond its power in construing it, *mandamus*
   will issue to review and correct its action.
Judgments—Invalidity—May be Attacked Collaterally.
   3.  Where the invalidity of an order or judgment appears on the
   face of the record, it is mere nullity, not binding in any way and
   subject to impeachment in a direct or collateral action, and the
   party aggrieved is under no obligation to take steps to have it
   reversed or set aside.
Supreme Court—Reversal of Judgment—Duty of District Court on Re-
ceipt of *Remittitur.*
   4.  The supreme court, in reversing a judgment and remanding
   the cause, is not required to give specific directions as to the
   action which shall be taken by the district court, but upon filing
   of the *remittitur* in that court it is its duty to examine the opinion
   and proceed in conformity with the views therein expressed, and
   if the opinion requires the rendition of a judgment by the lower
   court it must proceed accordingly.
Same—Reversal of Judgment in Equity Case After Review of Law
and Facts—Duty of District Court to Enter Judgment of Dismissal
—Mandamus.
   5.  Under the above rules, *held* that where the supreme court on
   appeal in an equity case (reformation of an indemnity bond) on

   1.  See 2 R. C. L. 202.
   2.  Enforcing decree of appellate court by *mandamus,* see note in 98
Am. St. Rep. 904.  See, also, 18 R. C. L. 316.
   5.  See 2 R. C. L. 289, 290.

[77 Mont. 594.]

a full review of the law and the facts, decided that the judgment in favor of plaintiff could not be sustained but reversed it and remanded the cause, without ordering a new trial or the taking of further testimony, it was the duty of the trial court, on receipt of the *remittitur* directing such further proceedings as were not inconsistent with the opinion rendered, to enter judgment dismissing the complaint on the merits, and that *mandamus* was a proper remedy to compel it to do so.

Equity—Appeal—Supreme Court will not Order New Trial for Want of Proper Parties, When.

6. The supreme court in an equity case will not order a new trial for want of proper parties where it is apparent that plaintiff has no cause of action.

---

[1] Appeal and Error, 4 C. J., sec. 3230, p. 1192, n. 59.
[2] Mandamus, 38 C. J., sec. 155, p. 642, n. 85.
[3] Mandamus, 38 C. J., sec. 155, p. 642, n. 86.
[4] Appeal and Error, 4 C. J., sec. 3260, p. 1210, n. 5; sec. 3291, p. 1233, n. 84.
[5] Appeal and Error, 4 C. J., sec. 3291, p. 1234, n. 91. Mandamus, 38 C. J., sec. 155, p. 642, n. 82.
[6] 4 C. J., sec. 3240, p. 1200, n. 36.

Original application by the State, on the relation of the United States Fidelity & Guaranty Company of Baltimore, Maryland, for *mandamus* directed to the District Court of the Fourth Judicial District in and for Missoula County, and Asa L. Duncan, Judge, to compel respondent to enter judgment for relator in the case of *Comerford* v. *United States Fidelity & Guaranty Co.*, 59 Mont. 243, 196 Pac. 984, in accordance with the *remittitur* thereof, or to dismiss said action on the merits. Writ granted.

*Messrs. Gunn, Rasch & Hall*, for Relator, submitted an original and a reply brief; *Mr. M. S. Gunn* argued the cause orally.

Citing: *Kennedy* v. *Dickie*, 34 Mont. 205; *Stevens* v. *Trafton*, 36 Mont. 520, 93 Pac. 810; *Barnard Realty Co.* v. *City of Butte*, 55 Mont. 384, 177 Pac. 402; *Bosanatz* v. *Ostronich*, 57 Mont. 197, 187 Pac. 1009; *State ex rel. B. & M. Mining Co.* v. *District Court*, 32 Mont. 20, 79 Pac. 410; *State* v. *District Court*, 46 Mont. 384, 128 Pac. 583; *Soule* v. *Dawes*, 14 Cal. 248; *Butler* v. *Thompson*, 52 W. Va. 311, 43 S. E. 174; *Wadhams* v. *Gay*,

83 Ill. 250; *People* v. *Waite,* 243 Ill. 156, 90 N. E. 183; *Re Sanford Fork & Tool Co.,* 160 U. S. 247, 40 L. Ed. 414, 16 Sup. Ct. Rep. 291 [see, also, Rose's U. S. Notes]; *Ervin* v. *Collier,* 3 Mont. 189; *American Hydraulic Placer Co.* v. *Rich,* 8 Idaho, 570, 69 Pac. 280; *State* v. *Superior Court of Spokane County,* 7 Wash. 234, 34 Pac. 930; *National Investment Co.* v. *National Savings Loan & Bldg. Assn.,* 51 Minn. 198, 53 N. W. 546; *Whitney* v. *Traynor,* 76 Wis. 628, 45 N. W. 530; *Sexton* v. *Henderson,* 47 Iowa, 131.

*Mr. Harry H. Parsons, Mr. James L. Wallace* and *Mr. Charles Madeen,* for Respondents, submitted an original and a supplemental brief; *Mr. Parsons* argued the cause orally.

Relator relies on section 8805 of the Revised Codes for 1921, conferring power on this court to dispose of a case finally on the merits. It is conceded that the court has the power. That is not disputed. The point is, this court did not do so. The order of the court was simply a remand in general terms, "reversed and remanded" for insufficiency of the evidence to sustain the findings and judgment, but making no final disposition of the case. The rule is, that where the case is reversed and remanded in general terms, it goes back to the trial court for further proceedings, subject to the judicial discretion of the trial court. The case of *State ex rel. La France Copper Min. Co.* v. *District Court,* 40 Mont. 206, 105 Pac. 721, was a case where plaintiff failed to prove all material facts in the case, and the opinion shows the court assumed plaintiff had produced all the proof he had to the court. In its decision the court merely reversed and remanded case without any specific direction of final disposition, and upon *mandamus* being brought there, as here, to compel dismissal on the merits, this court said: "This court undoubtedly has the power in all proper cases to make such an order; and, in the future, the authority will be exercised, with a view to putting an end to litigation where the

[77 Mont. 594.]

parties have had one fair opportunity to try the issue between them therein.'' In view of this language, which is generally applicable to law and equity cases alike, is it not fair to assume that had this honorable court intended to dismiss the case by its decision of February 28, 1921, on the merits, such disposition would have been made by the usual order: "Ordered dismissed"?

The question now before the court is, however, foreclosed by the decision in the *La France Case,* holding that the prayer of the relator "cannot be granted for the obvious reason, as no specific declaration, either to retry or dismiss, was contained in the mandate of this court, the district court was vested with a legal discretion to take such action, not inconsistent with the order of the court, as seemed wise and proper under the circumstances,'' the opinion further holding that an unqualified reversal entitled plaintiff to another trial, citing California cases.

That a reversal in general terms is not a final decision disposing of the case on the merits is held by the great weight of authority. (*Gazos Creek Mill & L. Co.* v. *Coburn,* 8 Cal. App. 150, 96 Pac. 359; *Smith* v. *Schlink,* 44 Colo. 200, 99 Pac. 566; *Wilcox* v. *Phillips,* 260 Mo. 664, 169 S. W. 55; *Sloan* v. *Philadelphia R. Co.,* 235 Pa. 155, 83 Atl. 604; *Rogers* v. *Hendrick,* 85 Conn. 271, 82 Atl. 590. See *Re Pusey's Estate,* 177 Cal. 367, 170 Pac. 846; *Smith Sand & Gravel Co.* v. *Corbin,* 102 Wash. 306, 173 Pac. 16; *Riley* v. *Loma Vista Ranch Co.,* 5 Cal. App. 25, 89 Pac. 849.) Where plaintiff shows affirmatively and conclusively that he has no case, the court on appeal may finally dispose of the case, but where defects of plaintiff's case consist in omission to prove allegations which may or may not be susceptible of proof, no general rule governs the court in determining whether the action should be dismissed. (*State ex rel. La France Copper Co., supra.*) Where a cause is reversed by supreme court with directions to take such further

proceedings as shall accord with its opinion, parties are entitled
to a new trial in accordance with the law of the case laid down
in the opinion. (*Chicago & R. I. & P. W. Ry.* v. *Lillard,* 62
Okl. 63, 161 Pac. 779; *McIntosh* v. *Lynch,* 93 Okl. 174, 220 Pac.
367; *Humboldt Sav. Bank* v. *McCleverty,* 161 Cal. 285, 119
Pac. 82; *Wolkau* v. *Wolkau,* 299 Ill. 176, 132 N. E. 507;
*Henderson* v. *Harnes,* 184 Ill. 520, 56 N. E. 786.)    In *Hoagland*
v. *Stewart,* 71 Neb. 102, 98 N. W. 428, 100 N. W. 133, quoting
from the headnote it is said: ''Where the judgment of this court
upon appeal in equity case reverses the judgment of the trial
court and remands the case, but gives no further direction, the
trial court is reinvested with discretion to proceed therein as
furtherance of justice may require, and unless such discretion
is abused, its action will be sustained.'' (*State* v. *District Court,*
2 Neb. Unof. 385, 96 N. W. 121.)    Unqualified reversal nulli-
fies judgment completely. (*Sleeper* v. *Killion,* 182 Iowa, 245,
164 N. W. 241.)    Motion to amend after reversal and remand
held within discretion of court, refusal to exercise which was
error. (*Brown* v. *Rankin,* 108 S. C. 105, 93 S. E. 327; *Peter-
son* v. *Hoftiezer,* 39 S. D. 416, 164 N. W. 1029.)    On reversal
and remand for further proceedings not inconsistent with
opinion, court is authorized to permit amendments; otherwise
it would have dismissed the case. (*Horton* v. *Louisville & N.
R. Co.,* 199 Ky. 279, 250 S. W. 983.)    When a judgment is
reversed and cause remanded, the judgment is annulled *in
toto* and the case restored to the condition in which it stood
before it was rendered. (*Brotherhood of Painters* v. *Trimm,*
19 Ala. App. 429, 97 South. 770.)

For the reason that the reversal and remand contained in
the opinion of this court of February 28, 1921, and the direc-
tion in the mandate in said case, did not finally dispose of or
order dismissal of the case, but remanded the cause for further
proceedings in the discretion of trial court, the petition for
*mandamus* should be denied and the writ discharged.

The point is made by counsel for respondents that relator is here making application to this court to add something to its former decision not embodied therein, and that it is requesting this court to reassume jurisdiction of the case, and, in effect, make an additional decision disposing of it on the merits. This the court is without jurisdiction to do, for the reason that on the going down of the *remittitur* to the court below, the supreme court lost jurisdiction of the case, and cannot add anything to the *remittitur* or to the decision without recalling the *remittitur*, and this cannot be done unless mistake or fraud is shown. ·It has been so held in *State* v. *Reece*, 43 Mont. 291, 115 Pac. 681, and *Kimpton* v. *Jubilee Placer Min. Co.*, 16 Mont. 379, 41 Pac. 137, 42 Pac. 102. This rule is also supported by the great weight of authority in other jurisdictions. (*Peterson* v. *Civil Service Board*, 68 Cal. App. 752, 230 Pac. 196; *Re Ross Estate*, 189 Cal. 317, 207 Pac. 1014; *Crenshaw Bros.* v. *Southern Pacific Ry. Co.*, 42 Cal. App. 44, 183 Pac. 208; Haynes on New Trial and Appeal, Rev. ed., p. 1685; *Thomas* v. *Thomas*, 27 Okl. 784, 35 L. R. A. (n. s.) 124, 109 Pac. 825; *Moe* v. *Goodroad*, 45 S. D. 271, 186 N. W. 967; *Ott* v. *Boring*, 131 Wis. 472, 11 Ann. Cas. 857, 111 N. W. 833; *Mayes* v. *Evans* (S. C.), 61 S. E. 657.)

MR. JUSTICE STARK delivered the opinion of the court.

It has long been the custom of courts in reviewing the decrees [1] in equity cases where all of the facts were presented on an appeal, and showed that the cause was ripe for an ultimate decision, to make such disposition of the case as the court below ought to have made. As early as the year 1800 Chancellor Kent, in *Le Guen* v. *Gouverneur*, 1 Johns. Cas. (N. Y.), at page 508, 1 Am. Dec. 121, pointed out that this was a "leading maxim" of appellate jurisdiction in England; that since our system of jurisprudence was borrowed from that country, in the absence of express and peremptory statutory limitation it would be presumed that this practice should prevail in this

country. While the matter is not pertinent to the inquiry presented to us in this case, reference is made to it for the purpose of indicating that our statute about to be referred to does not introduce any new principle of procedure, but is merely declaratory of a practice which has been in vogue in this country long before its enactment.

The statute above referred to is section 8805, Revised Codes of 1921, and provides: "The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. * * * In equity cases, and in matters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same is presented by specifications of particulars in which the evidence be alleged to be insufficient or not, and determine the same, as well as questions of law, unless, for good cause, a new trial or the taking of further evidence in the court below be ordered," etc.

The section was enacted in 1903 (Laws of 1903, 2d Extra Sess., p. 7), and later appeared as section 6253 of the Revised Codes of 1907. Referring to this statute, in *Stevens* v. *Trafton*, 36 Mont. 520, 93 Pac. 810, this court, speaking through Mr. Justice Smith, said: "The legislature has power by regulations to establish the procedure in civil and criminal cases, so far as such procedure does not amount to a denial of justice, and has power to declare by law what shall be the practice on appeal. (*Jordan* v. *Andrus*, 26 Mont. 37, 91 Am. St. Rep. 396, 66 Pac. 502.) The evident purpose of the legislature in passing the law above quoted was undoubtedly to expedite the entry of final judgment in cases where the parties were not entitled to trial by jury; to put an end to litigation and avoid the necessity of new trials involving expense and the contingencies incident to delay. These regulations seem reasonable and salutary. To the end, therefore, that this court

might enter final judgment in these equity causes, it is provided that the court shall, on appeal, determine the same on the merits, unless for good cause a new trial or the taking of further evidence is ordered.''

And in *Barnard Realty Co.* v. *City of Butte,* 55 Mont. 384, 177 Pac. 402, Mr. Chief Justice Brantly, in rendering the decision of the court, used this language: ''In equity cases, however, such as this, we are required to review and to determine all questions of fact as well as of law, unless for good cause a new trial ought to be ordered.   (Rev. Codes, sec. 6253.)''

Again, in *Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009, in passing on a motion for rehearing, the court again referred to this statute in these words: ''In equity cases, since the enactment of the section referred to, the court must review the questions of fact as well as those of law, and determine the case on its merits, to the end that equity cases might be thus finally disposed of on their merits, without the necessity of successive trials on the same state of facts.''

Application of this statute has been made by this court in numerous other cases, some of which will be referred to in subsequent portions of this opinion.

As appears from the opinion of this court in case No. 4,272, entitled *Comerford* v. *United States Fidelity & Guaranty Co.,* 59 Mont. 243, 196 Pac. 984 (which for brevity will hereafter be adverted to as the *Comerford Case*), that action was instituted in the district court of Missoula county against the relator herein and the Kennedy Construction Company as defendants, and its object was (1) to recover judgment against the defendants upon a bond which had been theretofore executed by said Kennedy Construction Company, as principal, and this relator, as surety, in a cause wherein the plaintiff Comerford was also plaintiff and the Kennedy Construction Company was the defendant, according to its terms as written; (2) to obtain a decree reforming said bond and to enforce the penalty thereof after reformation.  The defendant Kennedy

Construction Company was not served with process and did not appear in the *Comerford Case* at any stage of the proceedings, but over the objections of the relator herein, and upon the instance of the plaintiff in the action, the cause proceeded to trial against the relator alone as defendant. At the trial of the action the plaintiff prevailed. The court held that the plaintiff was entitled to recover upon the bond as written; also that the bond should be reformed as asked for by the plaintiff, and thereupon entered a judgment in favor of plaintiff and against relator herein upon the bond as reformed.

Upon the appeal to this court this judgment was reversed and the cause remanded. After briefly stating the facts, outlining the plaintiff's contentions and setting out the conclusions of law made by the trial court, the opinion says: "Two questions are presented for decision, as follows: (1) Is the surety liable, under the conditions of the bond as executed, to pay the judgment affirmed on appeal? (2) Was a reformation of the bond justified? Both questions will be treated together, as they involve the same considerations." Incidental reference was made to the fact that the trial had proceeded in the lower court without requiring service to be made upon the Kennedy Construction Company, or its appearance therein, in these words: "The court should have required both obligors to appear, since the appellant insisted thereon, even though the plaintiff is given a several right of action against both the principal and surety."

The court then made an extended review of the testimony introduced at the trial and concluded the opinion in these words: "There is no showing of fraud, mutual mistake, nor the mistake of one party which the other at the time knew or suspected, and reformation of the bond was improper, and the judgment appealed from is without foundation. It is clear that the trial court was in error in finding, as a matter of law, that the surety company is liable upon the bond without reformation, and also that a reformation of the bond should be made

as prayed for, and in thereupon entering its final decree on the bond as reformed. The conclusions made by the trial court are inconsistent, and upon neither theory can the judgment be sustained. For the reasons stated, the judgment is reversed and the cause remanded.''

This opinion was handed down by the court on February 28, 1921. No *remittitur* in the case was issued by the clerk of this court until April 6, 1923, when one was issued, to which was attached a copy of the opinion of the court, containing the following direction: ''You therefore are hereby commanded that such further proceedings be had in said cause as according to right and justice and the laws of the state of Montana ought to be had not inconsistent with the opinion hereto attached.'' This *remittitur* was filed in the office of the clerk of the district court of Missoula county on April 7, 1923, and the clerk, as required by section 9753, Revised Codes of 1921, thereupon made an entry in the judgment docket in his office against the original entry of judgment, from which the appeal had been taken, as follows: ''Judgment reversed and case remanded as per *remittitur* filed April 7, 1923.'' On October 23, 1926, the relator presented to the district court of Missoula county and Honorable Asa L. Duncan, one of the judges thereof, an application praying that a judgment be entered in the cause dismissing the same on the merits, in accordance with the judgment and decision of this court. This application was regularly heard before the district court and denied.

On October 25, 1926, relator filed in and presented to this court a petition praying that an alternative writ of mandate issue, requiring the said district court of Missoula county and the Honorable Asa L. Duncan, one of the judges thereof, to render judgment in said cause in favor of the relator, dismissing the same on the merits, or to show cause before this court why the same had not been done. The alternative writ was issued as prayed for, returnable on November 5, 1926, on which day the respondents filed a response setting forth the reasons

why the relator's request for a dismissal of the action on the merits had been denied, which may be summarized as follows: (1) That on December 1, 1922, an order was made in the district court of Missoula county dismissing said *Comerford Case;* that no appeal was taken therefrom and that it is now too late for the relator to invoke the power of this court by *mandamus* to compel respondents to grant the relief sought; that subsequent to the making of said order of dismissal on December 1, 1922, certain proceedings had been instituted in the United States district court for the district of Montana upon the original cause of action set out in the *Comerford Case,* which are still pending therein, and that because this court in case No. 6,043, entitled *State ex rel. United States Fidelity & Guaranty Co.* v. *District Court, ante,* p. 214, 250 Pac. 609, had held that the purported order of December 1, 1922, dismissing said action, was void, respondent judge believes, as matter of law, that said cause now stands for trial in the district court of Missoula county whenever it is set for trial; (2) that it was the duty of the clerk of the district court to enter the judgment as directed, and not any part of the duty of the respondent district judge to do so; (3) that, in denying the relator's request for entry of a judgment of dismissal of said cause on the merits, respondents were acting in the legal exercise of the judicial discretion vested in the court by law and in pursuance of the decision of this court in reversing and remanding the *Comerford Case;* (4) that the mandate issued out of this court in said cause did not direct the entry of any specific judgment, but merely remanded the cause, so that such further proceedings might be had therein as according to right and justice and the laws of this state ought to be had, not inconsistent with the opinion rendered by this court, and thereby this court lost jurisdiction of said cause, and that it now has jurisdiction only to hear on appeal any judgment that may be rendered therein in said district court.

The matter was submitted for final decision upon the relator's petition and the return of the respondents thereto.

The statute (sec. 9848, Rev. Codes 1921) provides that the writ of mandate may issue to an inferior tribunal "to compel the performance of an act which the law specially enjoins as a duty resulting from an office."

We do not understand that there is any dispute between [2] counsel but that it is the province of a reviewing court to construe its own judgments, decrees and orders, and that, where a lower court has misconstrued its mandate, or has acted beyond its powers in construing the same, *mandamus* will issue to review and correct the action of the lower court. This authority is recognized everywhere. (38 C. J., p. 642, sec. 155.) The principle that, where the performance of a legal duty involves the exercise of judgment or discretion, such judgment or discretion cannot be directed or controlled by *mandamus,* is too well settled to require the citation of any authority to sustain it.

In case No. 6,043, above referred to, the parties to the present proceeding were before this court upon the relator's application for a writ of supervisory control to require the district court, among other things, to set aside the order dismissing the *Comerford Case* adverted to in the first subdivision of the respondents' response filed herein. The circumstances leading up to the making of that order are fully set out in the opinion rendered in said cause and need not be here repeated. We there held that said order was wholly null and void as having been made without jurisdiction, which appeared upon the face of the record. Upon a re-examination of the question we are satisfied that under our statute and the decisions of this court, as well as the authorities generally, our conclusion was correct [3] and should not be disturbed. The order being void and its invalidity appearing on the face of the record, it was but a "dead limb upon the judicial tree" which could bear no fruit to the plaintiff. It was a mere nullity and could neither

affect, impair nor create rights. As to the relator herein, it is
not binding in any way and is subject to impeachment in any
action, direct or collateral, and it was not necessary to take
any steps to have it vacated, reversed, or set aside. (1 Black
on Judgments, sec. 170.)

The fact that the plaintiff in the *Comerford Case,* after the
making of this void order, commenced proceedings in another
court upon an identical cause of action, and that they are still
pending, does not at all affect the situation. The *Comerford
Case* is still pending in the district court of Missoula county,
and we shall in another part of this opinion consider whether
it now stands ready for trial, or whether it stands for final
judgment.

With reference to the contention that it is the duty of the
[4]    clerk of the district court to enter the judgment in ac-
cordance with the mandate of this court in the *Comerford Case,*
our conclusion is as follows: It is not necessary in such a case,
that the order reversing · the judgment and remanding the
cause, give specific directions as to the action which shall
thereafter be taken in the lower court, but when the *remittitur*
is filed it becomes the duty of such court to examine the opin-
ion and proceed in conformity with the views expressed in it.
(*People ex rel. Horberg* v. *Waite,* 243 Ill. 156, 90 N. E. 183.)
If the opinion of the supreme court requires the rendition of
a judgment by the lower court, it is the duty of the court to
proceed accordingly. This calls for the exercise of the judicial
power and not the mere ministerial act of entering a judgment
after it has been rendered. In that respect this case is dis-
tinguishable from *State ex rel. Dolenty* v. *District Court,* 42
Mont. 170, 111 Pac. 731, and *State ex rel. Anderson* v. *District
Court,* 56 Mont. 244, 184 Pac. 218, which are cited and relied
upon by the respondents.

This brings us to a consideration of the main questions
[5]    presented in this proceeding. The relator contends that
since under section 8805, *supra,* this court is required to review

all questions of law and fact on an appeal in an equity case and determine the same unless a new trial or the taking of further evidence in the court below be ordered (*Barnard Realty Co.* v. *City of Butte, supra*), so that final judgment may be expedited (*Stevens* v. *Trafton, supra; Bonsanatz* v. *Ostronich, supra*), and because in rendering the opinion in the *Comerford Case* the court did what the statute requires that it shall do and as a result determined that no recovery could be had upon the bond as written and that the evidence introduced at the trial was not sufficient to justify the reformation of that instrument, and since the order reversing and remanding the cause did not expressly direct a new trial or the taking of further testimony, this was a final decision and determination of the cause upon its merits, and therefore the lower court was not vested with any discretion under the mandate from this court and had no further jurisdiction of the cause except to enter a judgment dismissing it upon the merits.

Respondents, on the other hand, argue that because the court in its opinion in the *Comerford Case* instead of giving the lower court specific directions what to do, simply reversed and remanded it, upon the filing of the *remittitur* the parties were placed in the same situation that they occupied prior to the trial, and that it was within the discretion of the lower court to take such action therein as to it seemed best. We cannot yield to the argument of counsel for respondents.

That an action for the reformation of a written instrument and its enforcement after reformation is one in equity is an elementary proposition. ''Reformation is not an incident to an action at law, but can be granted only in equity. When relief is granted also on the contract as reformed it means only that the court of equity sees fit to go on and finish the whole case.'' (*United States* v. *Milliken Imprinting Co.*, 202 U. S. 168, 50 L. Ed. 980, 26 Sup. Ct. Rep. 572.) In such an action the parties are not entitled to a jury trial as a matter of right.

(*Stevens* v. *Equity Mutual Fire Ins. Co.,* 66 Mont. 461, 213 Pac. 1110.)

Reverting now to the opinion of the court in the *Comerford Case,* we find it declares that there were presented for consideration but the two questions: Whether plaintiff could recover upon the bond as written, and whether a case had been made to warrant its reformation and enforcement. Both of these matters were reviewed in the light of all of the evidence presented in the record. The questions of law involved were determined and applied to the facts, and as a result of such determination it was declared that the judgment could not be sustained upon either of the two theories advanced by the plaintiff. This was a clear compliance with both the letter and the spirit of section 8805, *supra.* No questions of fact .or law other than those determined were presented in the record according to what is stated in the opinion. Under these circumstances the court did not order a new trial or the taking of additional evidence, but reversed and remanded the cause to the lower court.

What, then, was the duty of the lower court under the terms of the *remittitur,* "that such further proceedings be had in the cause as according to right and justice and the laws of the state of Montana ought to be had not inconsistent with the opinion hereto attached"?

Under the statute, the court could not retry the case or take any additional evidence because it had not been authorized to do so by this court. This court had determined all the facts and the law as the lower court should have determined them, and sent the cause back for further proceedings not inconsistent with that determination. Since under that determination the plaintiff had wholly failed to establish a right to recover, and the court was precluded from taking additional evidence or retrying the case, the only authority it then possessed was to make a judicial declaration that the plaintiff was not entitled

to recover from the defendant and to dismiss the cause upon the merits.

In the early case of *Soule* v. *Dawes,* 14 Cal. 248, the California court said: "In a chancery cause, where all the proofs are in, and the case fully before the lower and the appellate court, the judgment of the latter is conclusive, when it passes upon the merits of the controversy so presented; and upon the reversal of the decree below, that court can take no further proceedings, unless authorized by the appellate court, except such as are necessary to give effect to the judgment of this court."

A like proposition was before the United States supreme court in the case of *Re Sanford Fork & Tool Co.,* 160 U. S. 247, 40 L. Ed. 414, 16 Sup. Ct. Rep. 291 [see, also, Rose's U. S. Notes], and it was there said: "When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." (*Butler* v. *Thompson,* 52 W. Va. 311, 43 S. E. 174; *American Hydraulic Placer Co.* v. *Rich,* 8 Idaho, 570, 69 Pac. 280; *State* v. *Superior Court of Spokane County,* 7 Wash. 234, 34 Pac. 930; *National Investment Co.* v. *National Sav., L. & B. Assn.,* 51 Minn. 198, 53 N. W. 546; *Whitney* v. *Traynor,* 76 Wis. 628, 45 N. W. 530; *Sexton* v. *Henderson,* 47 Iowa, 131.)

The case of *Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982, was an action in ejectment in which an equitable defense had been interposed and the trial court had sustained such defense. The judgment was reversed. This court in the opinion in that

case said: "The district court, we think, was in error in decid-
ing the case as it did. At the close of defendant's evidence
the plaintiff requested the court to find in her favor. This
it should have done, since the defendant did not make out a
case upon which he was entitled to recover. The judgment and
order are therefore reversed, and the cause is remanded to be
proceeded with in accordance with the suggestions herein. Re-
versed and remanded." After the *remittitur* in the case was
filed in the district court the matter again came on for hearing,
whereupon the court made the following finding: "All of the
issues of fact involved in the above-entitled action are hereby
determined for and in favor of the above-named plaintiff,"
and a judgment was entered in accordance therewith. The
defendant appealed to this court and the judgment was
affirmed in *Kennedy* v. *Dickie,* 36 Mont. 196, 92 Pac. 528,
and in affirming the judgment this court, after referring to
section 6253, Revised Codes of 1907 (the same as section
8805, *supra*), said: "In this case this court did not order
a new trial or the taking of further evidence. On the
contrary, the court said that the district court erred in de-
ciding the case in favor of the defendant; that it should have
decided in favor of the plaintiff, since the defendant did not
make out a case upon which he was entitled to recover. The
duty of the district court in the premises was plain. No new
trial having been ordered, there was but one thing to be done,
to wit, enter a judgment in favor of the plaintiff. This the
court did."

We do not perceive any difference in legal effect between the
mandate of the court in *Kennedy* v. *Dickie, supra,* and that
contained in the opinion in the *Comerford Case,* for, as was
said in *People* v. *Waite,* 243 Ill. 156, 90 N. E. 183: "It is not
required that specific directions shall be stated in an order re-
versing a judgment and remanding the cause, and it is the
duty of the court to which the cause is remanded to examine

the opinion and proceed in conformity with the views expressed in it. [Citing cases.] It makes no difference whether there is a general direction to proceed in conformity with the views expressed in the opinion or not, because that is always the duty of the inferior court, and if the issue has been determined upon its merits and the cause remanded generally, the court can do nothing but enter a judgment accordingly, if it is a case like this, where there is no right to a jury trial.''

The underlying reason for the rule declared by our statute and enunciated by the decisions above referred to is so clearly stated in *Wadhams* v. *Gay,* 83 Ill. 250, that we quote therefrom at length: ''On the receipt of the mandate and opinion, the superior court was bound to carry into complete effect the decision of this court, not to retry the cause, or place the complainants, the appellees, in a position by which the cause might be retried, as that is the necessary result and effect of an order dismissing the bill without prejudice. It was not competent for the court to grant such an order against the mandate and opinion of this court. In what a lamentable condition would suitors be if the opinions and final orders of this court are to be disregarded by inferior courts. One of the great interests of the public is that an end shall be put to litigation, and when a case has received full consideration in this court, and the merits fully explored, discussed, and settled, and the cause remanded for further proceedings in conformity to the expressed views and opinion of this court, there can be no power remaining, in the court to which the opinion and mandate are sent, to retry the cause or do any other matter or thing in the cause, but to obey the mandate. The opinion of this court was on the merits—they had been declared, by this court, against the complainants. The mandate required of the superior court the execution of the decree of this court, not a retrial of the cause or the entry of any order which might have that effect, and which, unquestionably, was the design of the party

asking such an order.   The authorities are clear on this point.
*Skillern's Exrs.* v. *May's Exrs.,* 6 Cranch (U. S.), 267, 3
L. Ed. 220 [see, also, Rose's U. S. Notes], decided by the
supreme court of the United States so early as 1810, is directly
on this question, and subsequent cases harmonize with it.''

But counsel for respondents say that the rule announced in
the foregoing cases is in direct conflict with the decision of this
court in *State ex rel. La France Copper Co.* v. *District Court,*
40 Mont. 206, 105 Pac. 721.   That case was grounded upon the
decision of this court in *Monson* v. *La France Copper Co.,* 39
Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243, which was an
action at law to recover damages from the defendant, alleged
to have been sustained by the plaintiff on account of its negli-
gence causing the death of her husband.   In disposing of the
case on appeal the court merely reversed the judgment and
the order overruling the defendant's motion for a new trial.
When the case was again brought on for trial in the lower
court, the defendant moved the court for a judgment ''dismiss-
ing said action in compliance with the mandate of the supreme
court,'' which motion was overruled, and it thereupon made
application to this court for a writ of *mandamus* to compel the
dismissal, and this relief was denied.   It will be noted that the
*Monson Case* was an action at law in which the parties as a
matter of right were entitled to have all questions of fact tried
before and decided by a jury, and in that respect was wholly
different from the *Comerford Case;* also that, in reaching the
conclusion that the relator was not entitled to the relief sought,
the court had under consideration only the first portion of the
statute now under consideration, and necessarily made no refer-
ence to the later portion thereof, which has to do only with
equity cases and matters and proceedings of an equitable
nature, and therefore whatever is said in that opinion in the
*La France Case* would have no application in the construction
of the latter portion of the section.

Finally, it is argued by counsel for respondents that the
**[6]** suggestion in the opinion in the *Comerford Case* that the
Kennedy Construction Company should have been brought in
as a party defendant was under the mandate of the court an
indication of necessity for a new trial of the action. However,
it is a well-established rule that an appellate court will never
order a new trial in an equity case for want of proper parties
where it is apparent that the plaintiff has no cause of action.
In 4 C. J., page 1197, it is said: "The case will not be re-
manded on reversal to supply a defect of parties where, taking
the bill as true, it does not show complainant entitled to re-
lief." And in *Shropshire* v. *Reno,* 5 Dana (Ky.), 583, the
court uses this language: "If the complainant has no equity,
he has no right to bring any party into the court. And it
would be worse than useless to direct the bill to be retained
that he may have an opportunity of bringing parties before the
court, when, upon the appearance of all the parties, the bill
must be dismissed." Again, in *Jameson's Admx.* v. *Deshields,*
3 Gratt. (Va.) 4, the court said: "The reasoning and authori-
ties of the appellee's counsel are quite satisfactory to establish
that, where a plaintiff in equity has shown no right to relief,
an appellate court will not reverse a decree dismissing his bill,
to enable him to introduce new parties, and thereby make a
new case upon the merits."

In view of the fact that this court had determined that the
plaintiff in the *Comerford Case* was not entitled to prevail
under either of the theories advanced, there was no reason for
ordering a new trial, the only purpose of which would have
been to open the case so that the construction company might
have been made a party defendant. If this had been done
and the case had been retried and a judgment for plaintiff en-
tered, this court would, upon an appeal therefrom, have been
obliged to again decide that there was no right of recovery.
Therefore to have brought in the construction company as a
party defendant would have been doing an idle thing.

Upon a consideration of all the matters presented to us we are led to the inevitable conclusion that the relator is entitled to the relief sought. It is ordered that a writ of mandate issue as prayed for in relator's petition.

*Writ granted.*

Mr. Chief Justice Callaway and Associate Justices Galen and Matthews concur.