STATE EX REL. DOLENTY, RELATOR, v. REECE, RESPONDENT.

(No. 3,004.)

(Submitted April 24, 1911. Decided April 29, 1911.)

[115 Pac. 681.]

*Mandamus—Jurisdiction—Supreme Court—Remand—Entry of Judgment—Clerk of District Court—Interest.*

Appeal and Error—Jurisdiction of Court on Appeal—*Remittitur*—Effect.
    1. When a *remittitur* is issued by the supreme court on appeal, it loses jurisdiction of the case.

Same—Proceedings After Remand—Entry of Judgment.
    2. Under Revised Codes, section 7120, providing that when judgment is rendered on appeal, it must be certified by the clerk of the supreme court to the clerk of the trial court, who must enter a minute of the judgment on the docket against the original entry, the practice of the clerk of the trial court of signing and recording a formal judgment, on receipt of a *remittitur* by the clerk of the supreme court, is proper, in the absence of any other legislative direction.

Same—Mandate of Supreme Court—Effect.
    3. A mandate of the supreme court, reversing a judgment and remanding the case, with directions to enter judgment, must be interpreted in the light of the statutes governing the entry of a judgment after appeal, and the direction to enter judgment as directed must be construed as addressed to the clerk of the trial court.

Same—Judgment After Remand—Interest.
    4. Under Revised Codes, sections 7172, 7173, relating to the cost on appeal after *remittitur* filed with a clerk of the trial court and requiring the clerk to include in the judgment any interest on the verdict or decision from the time it was rendered, the clerk, in the absence of specific directions as to interest, must include in the judgment directed by the supreme court interest from the date of the order of the supreme court to the time of entry of judgment; but no other interest may be included.

Original application for *mandamus* by the state, on the relation of W. B. Dolenty, against Frank L. Reece, clerk of the district court of the first judicial district, to compel the entry of a judgment. Dismissed.

*Messrs. Walsh & Nolan,* for Relator, submitted a brief. *Mr. T. J. Walsh* argued the cause orally.

In behalf of Respondent, there was a brief by *Messrs. McIntyre & McIntyre.* Oral argument by *Mr. H. G. McIntyre.*

MR. JUSTICE SMITH delivered the opinion of the court.

The district court of Lewis and Clark county, on February 17, 1909, in the case of *Dolenty* v. *Rocky Mountain Bell Telephone Company*, entered a judgment for the defendant; on appeal to this court, the judgment was reversed, and the following order entered: "Since there is not any dispute as to the facts of this case, a new trial is not necessary; but the cause is remanded to the district court, with directions to set aside its findings and judgment, and enter judgment in favor of the plaintiff for $1,821.93 and costs." (*Dolenty* v. *Rocky Mountain Bell Tel. Co.*, 41 Mont. 105, 108 Pac. 921.) This order was made on April 18, 1910. On May 18, 1910, respondent's motion for a rehearing was denied. No motion was made in this court by the appellant for a correction of the order, or for a *nunc pro tunc* order providing for interest on the judgment. On May 23, 1910, a *remittitur* was filed with the respondent, clerk of the district court; on January 5, 1911, counsel for Dolenty presented to the respondent a judgment in the sum of $1,821.93, with costs, and demanded, in effect, that it be entered as of February 17, 1909, so that it would draw interest from that date. The clerk refused to enter the judgment, whereupon this proceeding in *mandamus* was instituted to compel him to do so. The matter has been submitted on the pleadings.

When the *remittitur* was issued, this court lost jurisdiction [1] of the cause. (*Kimpton* v. *Jubilee Placer Min. Co.*, 16 Mont. 379, 41 Pac. 137, 42 Pac. 102.) Section 7120, Revised Codes, provides that, when judgment is rendered upon appeal, it must be certified by the clerk of the supreme court to the clerk with whom the judgment is filed, or the order appealed from is entered, and in cases of appeal from the judgment the clerk with whom the roll is filed must attach the certificate to the judgment-roll, and enter a minute of the judgment of the [2] supreme court on the docket against the original entry. The respondent complied literally with the mandate of this statute. However, in the absence of other legislative directions

on the subject, the practice of signing and recording a formal judgment, on receipt of the *remittitur,* by the clerk, has long been established, as we believe. Such practice appears to us to be legal and proper, and has a tendency to make the record certain and specific. We recommend its continuance.

While it is true that this court in the original case instructed the court below to set aside its former judgment and enter one [3] as directed, the mandate must be interpreted in the light of the statute laws governing the entry of judgment after appeal. The entry of judgment for the plaintiff would *ipso facto* vacate the judgment for the defendant, and the direction to enter judgment as instructed must be construed as addressed to the clerk. Our order was silent as to interest, and therefore it was the clerk's duty to enter such judgment as was authorized by law; the amount of the judgment, exclusive of interest, having been definitely fixed by this court. Section 7173, Revised Codes, provides that the "clerk must include in the judgment entered [4] by him, any interest on the verdict or decision of the court, from the time it was rendered or made." The preceding section relates to costs on appeal, after *remittitur* filed with the clerk below, and section 7173 may very well be construed as applying to judgments rendered or ordered by an appellate court. However that may be, we think it should, by analogy, be so applied as to make it the duty of the clerk below, in the absence of specific directions as to interest, to include in the judgment interest from the date of the order of this court to the time of entry.

As the respondent was without authority to enter the judgment tendered him, the proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.