LASBY ET AL., RESPONDENTS, *v.* BURGESS, APPELLANT.

(No. 5,912.)

(Submitted May 25, 1926. Decided June 15, 1926.)

[248 Pac. 190.]

*Rescission of Land Contract—Northern Pacific Railway Right of Way—Boundaries—Judicial Notice.*

> 1. In an action for the rescission of a land contract in which plaintiff claimed that defendant had included lands in his contract of sale which were owned by the Northern Pacific Railway Company as a right of way, *held,* that while the trial court could properly take judicial notice, under section 10532, Revised Codes of 1921, that the Northern Pacific Railway Company is the successor of the Northern Pacific Railroad Company, it could not take such notice that the federal grant to the company attached to any particular tract of land, or that a particular tract of land was public land at the time of the taking effect of the grant.

[1]   Evidence, 23 C. J., sec. 1824, p. 67, n. 74 New; sec. 1947, p. 128, n. 89; sec. 1983, p. 160, n. 48.

*Appeal from the District Court, Broadwater County in the Fourteenth Judicial District; Ben B. Law, Judge of the Ninth District, presiding.*

ACTION by W. D. Lasby and wife against C. N. Burgess. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

---

1. See 15 R. C. L. 1119.

*Mr. E. H. Goodman* and *Mr. Henry C. Smith,* for Appellant,
submitted a brief; *Mr. Smith* argued the cause orally.

*Mr. F. T. Hooks, Mr. J. R. Wine* and *Mr. Wm. Scallon,* for
Respondents, submitted a brief; *Mr. Scallon* argued the cause
orally.

HONORABLE WM. H. POORMAN, District Judge, sitting
in place of MR. JUSTICE MATTHEWS, disqualified, delivered
the opinion of the court.

This is an appeal by defendant from a judgment rendered
in favor of plaintiffs in an action of rescission brought by re-
spondents herein. The complaint herein was filed in Broad-
water county, Montana, in January, 1924. It is alleged that in
August, 1919, certain negotiations were had between the plain-
tiffs and defendant relative to the sale and purchase of certain
lands alleged to be owned by defendant; that later in the same
month a written contract was entered into by which the defend-
ant agreed to convey to the plaintiffs, and plaintiffs agreed to
purchase from the defendant, the lands therein described, and
in February, 1920, a deed was executed and delivered to plain-
tiffs on its face purporting to convey all the lands described
in the previous contract; that prior to the delivery of the deed
an abstract of title was furnished by the defendant to the
plaintiffs showing title in the defendant to the said lands,
but made no reference whatsoever to any land used or owned
as a right of way for the Northern Pacific Railway; that the
defendant did not own the lands held or claimed by the North-
ern Pacific Railway Company; and that said company claimed
over eighteen acres of the land contracted to be conveyed to
the plaintiffs; that defendant made certain false representa-
tions to plaintiffs relative to swamp and overflowed lands and
as to the area of cultivated and hay land, and did not apprise
plaintiffs of the width of a railway right of way; that the
railway line was fenced on each side, the fenced portion being
eighty feet wide; that the plaintiff knew of the existence
of the railroad through the premises and of the fenced portion,

but were not apprised by marks, monuments, or otherwise that the right of way extended beyond the fence, and they believed it did not; that the plaintiffs paid a part of the purchase price in cash, and transferred to defendant certain lots in Townsend, and executed a note secured by a mortgage on the land for the unpaid portion of the purchase price. Plaintiffs ask that the transactions, deed, and contract be rescinded, defendant to reconvey the Townsend lots, and that an accounting be had. Plaintiffs offer to make restoration, *etc.*

The defendant filed a motion to strike certain parts of the complaint. This being denied, a general and special demurrer was filed, which was overruled. The defendant then filed answer, putting in issue many allegations of the complaint, and especially that portion of the complaint alleging that the defendant was not the owner of the land which he had contracted to convey.

After the commencement of the action to rescind, the defendant brought action against the plaintiffs to foreclose the mortgage, and at the trial it was agreed "that the testimony and evidence submitted in the first case [action to rescind] may be deemed to have been given in the trial of the second case [foreclosure action]." The plaintiffs in the foreclosure suit, however, reserved the right to introduce additional evidence in the foreclosure action. There was no consolidation of the actions; hence the pleadings in the foreclosure suit cannot be looked to in the instant case.

The trial court found against the contention of the plaintiffs' right to recover with reference to all of the matters alleged, except that relating to the right of way for the railroad. There is a discrepancy of a few acres, but the real contention is in relation to the right of way. With reference to the right of way, the court found that the railway company was entitled to a strip of land through the premises 400 feet wide, and that the defendant did not own said strip of land, but that the same was owned by the railway company, and included a total area of 35.5 acres, and that the fenced portion comprised 8.6 acres; that the railway company owned 26.9 acres of the land sold

by the defendant to the plaintiffs; that plaintiffs had notice of the existence of the railroad's claim to the fenced portion of the right of way, and could not claim the same from the defendant.

From the view taken here, the court did not err in overruling the demurrer nor in denying the motion to strike. It clearly appears that the trial court, from judicial notice alone, made the findings that the Northern Pacific Railway Company was the original owner of a right of way 400 feet wide through the particular tracts of land in question, and that the Northern Pacific Railway Company is the successor in interest of the Northern Pacific Railroad Company. Under the provisions of section 10532, Revised Codes of 1921, the court may take judicial notice, among other things, of "public and private official Acts of the legislative, executive, and judicial departments of this state and of the United States."

The Northern Pacific Railroad Company was created by an Act of Congress July 2, 1864 (13 Stats. at Large, 365). A right of way 200 feet in width on each side of said railroad was granted to said railroad company, "its successors and assigns * * * through the public lands." Later on in the granting section the term "public domain" is used. On April 28, 1904, Congress passed an Act validating the conveyances made by the Northern Pacific Railroad Company or by the Northern Pacific Railway Company of land forming a part of the right of way of the Northern Pacific Railroad granted by the government by an Act of Congress (33 Stats. at Large, 538). And it was further provided in this Act that the same would not take effect until the railway company filed with the secretary of the interior an instrument in writing accepting its terms and provisions. By the Act of Congress of February 28, 1919, the Northern Pacific Railroad Company is referred to as the predecessor in interest of the Northern Pacific Railway Company (40 Stats. at Large, 1204). In *Northern Pacific Ry. Co.* v. *Townsend,* 190 U. S. 267, 47 L. Ed. 1044, 23 Sup. Ct. Rep. 671, the Northern Pacific Railway Company is recognized as having acquired "the railroad and property of the Northern

Pacific Railroad Company,'' and it was held in that same case that the railroad company was not vested with authority to alienate any part of the right of way. In *Northern Pacific Ry. Co.* v. *Ely,* 197 U. S. 1, 49 L. Ed. 639, 25 Sup. Ct. Rep. 302, the plaintiff is recognized as the successor in interest of the Northern Pacific Railroad Company.

Why should Congress enact a law dealing with conveyances made by the railway company and make the Act dependent upon its acceptance by said company, and why should the supreme court of the United States, after holding that the grant of the right of way made to the railroad company was inalienable, then recognize the railway company as having acquired the railroad and property of the railroad company? The answer to these questions is found in the statement of facts made by Justice White in the *Townsend Case.*

We then have the inevitable conclusion that Congress—the [1] creating power of the railroad company—and the supreme court of the United States have both recognized the Northern Pacific Railway Company as successor in interest of the railroad property and rights of the Northern Pacific Railway Company, and the learned trial judge did not err in taking judicial notice that the railway company is the successor in interest to the railroad company.

Although the court can, and did, take judicial notice of the granting Act of Congress of the right of way to the Northern Pacific Railroad Company, and that the railway company is the successor in interest thereto, it could not properly take judicial notice that the grant attached to any particular tract of land, or that a particular tract of land was public land at the time of the taking effect of the grant and within the meaning of such grant; hence it follows that the findings of the court that the defendant in this case was not the owner of the unfenced portion of a 400-foot right of way strip solely because of this granting Act of Congress with reference to the right of way to the railroad company cannot be sustained, and for that reason the judgment must be reversed and the cause remanded for a new trial.

In our opinion, it is unnecessary to consider the other questions presented.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.