LASBY ET AL., RESPONDENTS, *v.* BURGESS, APPELLANT.

(No. 6,958.)

(Submitted January 6, 1933. Decided January 26, 1933.)

[18 Pac. (2d) 1104.]

*Mr. E. H. Goodman, Mr. Fred W. Schmitz* and *Mr. Henry C. Smith,* for Appellant, submitted a brief; *Mr. E. G. Toomey,* of Counsel, argued the cause orally.

*Mr. J. R. Wine* and *Mr. Frank T. Hooks,* for Respondents, submitted a brief; *Mr. Hooks* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This court, in *Lasby* v. *Burgess,* 88 Mont. 49, 289 Pac. 1028, issued a remittitur, wherein it was stated that "it is now here ordered and adjudged by this Court that the judgment of the court below, entered in this cause on the 19th day of April, A. D. 1929, be and the same is hereby reversed and the cause remanded to the district court of Broadwater county with direction to dismiss the action. The appellant will recover his costs upon this appeal."

The remittitur was filed in the district court on July 17, 1930. On July 21, on defendant's application, a judgment was signed and filed by the clerk of the district court, the material portion of which reads as follows: "Said action is

hereby dismissed with costs in favor of the defendant and against the said plaintiffs in the sum of one thousand two hundred twenty-three and 60/100 ($1,223.60).'' On the same day defendant filed a cost bill covering items of alleged expenditures amounting to $1,223.60 embracing the costs on the second appeal in this court, amounting to $728.70, and the costs and disbursements in both trials of the cause in the district court, the story of which is reported in 76 Mont. 452, 248 Pac. 190, and in 88 Mont. 49, 289 Pac. 1028.

Within the statutory time, plaintiffs moved the court to re-tax the costs. After hearing, the court on November 21, entered an order striking from the cost bill all items of expense incurred in the two trials in the district court, and also striking an item of $210 as premium paid on a stay bond pending appeal. After striking these items, there was left in the cost bill the item of $728.70, as costs in this court on the second appeal. No attempt was made to have this order reviewed by this court.

Defendant, deeming the judgment signed and filed a nullity, on January 5, 1931, moved the court to render a judgment dismissing the action in accordance with the mandate of this court. On January 31 the motion was granted, and on February 2, more than six months after the filing of the remittitur, the court filed a judgment dismissing the action.

On February 4 defendant filed and served another cost bill containing the identical items embraced in the former bill, except the item of $210. On February 6 plaintiffs, by separate motions, moved to strike the cost bill filed on February 4, and to vacate and set aside the judgment filed on February 2. The grounds of the motion to strike the cost bill were: (1) That it was filed more than thirty days after the filing of the remittitur; (2) that the costs were not claimed in the manner or within the time provided in sections 9803 or 9805, Revised Codes 1921; and (3) that, because of the action taken on the first cost bill, the court was without jurisdiction to allow any of the items in the second bill. The grounds of the motion to vacate the judgment were: (1)

That because of the entry of judgment by the clerk on July 21, 1930, the court was without jurisdiction to enter any other judgment; and (2) that the judgment sought to be vacated was not entered until after the lapse of more than six months from the filing of the remittitur, and more than six months after defendant became entitled to judgment. After hearing, the court granted the motions by separate orders. The appeal is from the orders.

In considering the merits of the appeal, it is necessary to determine what steps must be taken by a party who claims his costs after a successful appeal to this court.

Section 9805, Revised Codes 1921, provides: "Whatever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed in section 9803, and thereafter he may have an execution therefor as upon a judgment."

It is clear from this section that one claiming his costs awarded by this court must deliver his memorandum to the clerk of the lower court within thirty days after the remittitur is filed. The memorandum must be verified as provided in section 9803. That section has nothing to do with the time within which the party claiming his costs awarded by this court must move. Section 9805 controls as to the time within which action must be taken to claim such costs. (*State ex rel. Bullard* v. *District Court*, 86 Mont. 358, 284 Pac. 125.)

Defendant did file his cost bill within thirty days after the remittitur was filed in the court below. He included in it the costs and disbursements in the trial court, and these were disallowed and stricken out—whether properly is not a question before us. Although defendant had a remedy by which to review this order (*State ex rel. Bullard* v. *District Court*, supra), he did not pursue it. That cost bill was also filed by defendant within five days after the entry of judgment in his favor, if the judgment entered by the clerk may be characterized as a judgment. It was a valid judgment, as we shall

see, but defendant, proceeding upon the assumption that it was not, sought and obtained the judgment signed by the judge, and thereupon filed another cost bill.

What was the effect of the judgment signed and filed by the clerk? The difference between the rendition and the entry of a judgment is fundamental. The rendition of judgment involves the exercise of discretion as to its terms, while the entry of judgment is a ministerial function. (*State ex rel. Reser* v. *District Court*, 53 Mont. 235, 163 Pac. 1149, 1151.)

The clerk of the court is empowered by statute to enter judgments (sec. 9403), and he must enter certain default judgments without requiring the party entitled thereto to apply to the court for relief. (Sec. 9322; *Smotherman* v. *Christianson*, 59 Mont. 202, 195 Pac. 1106.) In such a case the judgment is one "pronounced by the law as a necessary consequence of the facts established." (*State ex rel. Reser* v. *District Court*, supra.)

When judgment is rendered upon appeal and remittitur is issued and filed, the duty of the clerk below is prescribed by section 9753, Revised Codes 1921. When the judgment in the court below is entered in obedience to the judgment and order of this court as contained in the remittitur, the judgment becomes that of this court. (*Kimpton* v. *Jubilee Placer Min. Co.*, 22 Mont. 107, 55 Pac. 918.)

When the remittitur of this court was filed with the clerk of the district court, "there was then nothing remaining to be done but the entry of that judgment, and the duty of making such entry is imposed by the statute [sec. 9753, Rev. Codes 1921] upon the clerk of the district court, and not upon the court or judge." (*State ex rel. Dolenty* v. *District Court*, 42 Mont. 170, 111 Pac. 731, 732.) In the case of *State ex rel. Dolenty* v. *Reece*, 43 Mont. 291, 115 Pac. 681, this court said: "In the absence of other legislative directions on the subject, the practice of signing and recording a formal judgment, on receipt of the remittitur, by the clerk, has long been established, as we believe. Such practice appears to us to be

legal and proper, and has a tendency to make the record certain and specific. We recommend its continuance, * * * and the direction to enter judgment as instructed must be construed as addressed to the clerk.''

Under the circumstances here shown, the function of dismissing the action in the district court did not involve the exercise of any judicial discretion. The duty was mandatory and ministerial, and was properly performed by the clerk. That judgment fixed the time within which the cost bill for costs and disbursements in the court below should be filed. The clerk, however, apparently inserted the item of costs in the judgment prematurely. He should not have done this until after the costs were taxed or ascertained. (Sec. 9806.) But this did not affect the validity of the judgment. Having inserted the costs in the judgment before they were taxed, he should have corrected the judgment after they were taxed and ascertained.

It follows that, since a valid judgment had been entered by the clerk pursuant to the mandate of this court, the court was without authority to enter a subsequent judgment (compare *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465), and it was properly vacated on plaintiffs' motion. The subsequent judgment did not extend the time for filing a second cost bill. The second cost bill was properly stricken as coming too late.

Plaintiffs assert that defendant, by filing the second cost bill, waived that portion of the first cost bill which was allowed by the court. With this we do not agree. The second cost bill was a nullity. Being a nullity, it accomplished nothing, and had no effect on the first one. (Compare *Paramount Publix Corp.* v. *Boucher*, ante, p. 340, 19 Pac. (2d) 223.)

The orders appealed from are affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STEWART AND ANDERSON concur.

MR. JUSTICE MATTHEWS, deeming himself disqualified, takes no part in the foregoing decision.