UNITED STATES v. WITTEK.

SAME v. PURSEL.

SAME v. WRIGHT.

SAME v. ISNER.

SAME v. SKELTON.

Nos. 411–415.

Municipal Court of Appeals for the
District of Columbia.

Sept. 12, 1946.

Floyd L. France, of Washington, D. C., for appellant.

Ward B. McCarthy, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The principal question urged on these appeals is whether the District of Columbia Emergency Rent Act [1] applies to housing accommodations in the District of Columbia owned by the United States and administered by the National Capital Housing Authority. A secondary procedural question relates to the form of the complaints.

Each of the five suits was filed in the name of the United States of America in the Landlord and Tenant Branch of the Municipal Court. Each was against a sep-arate defendant and was brought to recover possession of separate premises described by street addresses in the southwestern section of the city. In each case the verification required by the rules of the trial court was executed by an attorney "acting under authority of the Attorney General and at the request of the Executive Officer of the National Housing Authority." The form of complaint required by Landlord and Tenant Rule 13 of the trial court specifies that the ground or grounds upon which possession is sought shall be stated and for convenience sets up two general possible grounds, first, the non-payment of rent and, second, the various grounds contained under Section 5(b) of the Rent Act. In these complaints the portion of the form relating to the Rent Act was x'd out, and there was inserted the following: "The tenancy has been terminated by notice to quit served upon the defendant as required by Title 45, section 902, of the District of Columbia Code." [2] This was all the information contained in the complaints.

Each of the defendants filed a motion to dismiss upon the sole ground that the District of Columbia Emergency Rent Act covers all housing in the District of Columbia, including housing owned by the United States, and consequently that the complaints failed to state a cause of action because they did not allege any of the grounds for possession specified in Section 5(b) of the Rent Act. [3]

Plaintiff contended that housing accommodations in the District of Columbia owned by the United States and administered by the National Capital Housing Authority are not subject to the provisions of the local Rent Act. The trial court held the property was subject to the local Act and dismissed the complaints. From the

---

[1] Code 1940, § 45—1001 et seq.

[2] Under this section a tenancy from month to month, such as these tenancies are alleged to be, may be terminated by thirty days' notice in writing from the landlord to the tenant to quit, to expire on the day of the month from which such tenancy commenced.

[3] Section 5(b) provides that "no action or proceeding to recover possession of housing accommodations shall be maintainable by any landlord against any tenant, notwithstanding that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled," unless one of certain enumerated facts exists. Included in such facts are that the tenant has violated a condition of his tenancy, has committed a nuisance, or used the accommodations for an immoral or illegal purpose or for other than living or dwelling purposes.

orders of dismissal the United States appeals.

Aside from the merits of the case, we believe that the motions to dismiss should have been overruled under the familiar rule that a complaint is not subject to dismissal for failure to state a cause of action unless it appears certain that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim.[4]

All the allegations of the complaints have been stated above. They do not show whether the premises were commercial or housing accommodations. If they were commercial premises, which admittedly are not subject to the Rent Act, the complaints stated a cause of action.

The tenants urge that the form of complaint specified in the Landlord and Tenant Rules of the trial court was not followed literally in that the complaints did not show the premises were exempt from the local Rent Act. Such exactness of pleadings, however, is not required, particularly in Landlord and Tenant Court where informality of pleadings has always been the rule. De Bobula v. Coppedge, D. C.Mun.App., 40 A.2d 255. Moreover, L. & T. Rule 4(c), which is applicable here, provides that "all pleadings shall be so construed as to do substantial justice."

Furthermore, even if these premises are housing accommodations and even if they are governed by the District of Columbia Emergency Rent Act, it is still possible that the United States could have stated a cause of action by alleging, for example, that the tenants had violated a condition of their tenancy. Under such circumstances, if the complaint does not state a case quite plainly enough but it appears that the plaintiff has a cause of action, the proper procedure is to grant the motion to dismiss with leave to amend. It is true that the record here does not show that plaintiff requested leave to amend, and we can not assume that the trial court

would have denied such right had it been sought.[5] However, even when appellate courts have held that a complaint stated a cause of action and have reversed trial courts for contrary decisions, the appellate courts have sometimes suggested that leave to amend be granted for the purpose of making the complaint more definite and certain.[6] The purpose of lawsuits should not be to test technicalities of pleadings but to arrive at the just settlement of legal disputes.

In oral argument and briefs here on appeal, the parties have stated or assumed various facts regarding the tenancy of the defendants, the reason for the service of the notices to quit, and the statutes under which the premises in question were constructed and are now being operated.

For example, the Government states these premises are a part of "Bellevue Houses" and were erected by the Navy Department under the authority of the Second Supplemental National Defense Appropriation Act for 1941, 54 Stat. 872, 883. We are entitled to judicially notice the provisions of that Act, one of which is that houses built under its authority are to be rented only to Army and Navy personnel, to field employees of Military and Naval establishments, etc. Obviously, whether these houses were so constructed has an important bearing on the case. Were they so constructed? The record is silent, and we know of no published document answering the inquiry.

Furthermore, both parties have argued the effect to be given to certain provisions of the Lanham Act of 1940, 54 Stat. 1125, as amended January 21, 1942, 56 Stat. 11, 42 U.S.C.A. § 1521 et seq., but neither has mentioned Section 2 of the amendment, providing "That any proceedings for the recovery of possession of any property or project developed or constructed under this title shall be brought by the Administrator in the courts of the States having jurisdiction of such causes and the laws of the States shall be applicable thereto." Were

[4] Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302.

[5] Johnson v. M. J. Uline Co., Inc., D. C.Mun.App., 40 A.2d 260.

[6] Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Tahir Erk v. Glenn L. Martin Co., supra.

808

these houses developed or constructed under this Act? Again the record is silent, and we know of no published document answering the inquiry.

 Obviously the trial court took at least some of these facts into consideration in arriving at its decision, but none of them were properly before it on the motions to dismiss. The court may judicially notice federal and local statutes, but not facts necessary to determine whether they are applicable.[7] No rule is more explicit or more generally approved than that on a motion to dismiss only facts alleged in the complaint, or which the court is entitled to judicially notice, may be considered.[8] The aptness of the rule is illustrated by the instant case. In our weighing of the various points raised by both parties on the merits, we have constantly been faced with the problem that we could not decide such points without taking into consideration alleged facts not in the record and which we are not entitled to judicially notice. We have concluded, therefore, that the case must be returned to the trial court so that a proper record may be prepared, either by an amended complaint, by an answer, by a trial, or by two or more of those procedures.

Reversed and remanded for further proceedings in accordance with this opinion.

[7] Lasby v. Burgess, 76 Mont. 452, 248 P. 190.

[8] Cohen v. United States, 8 Cir., 129 F. 2d 733.