496

DAVE HANSEN, Plaintiff and Respondent, *v.* BEN HANSEN, Defendant and Appellant.

No. 9751.

Submitted October 15, 1956.　Decided December 19, 1956.

304 Pac. 1107.

Mr. James A. Cumming, Columbia Falls, for appellant.

Mr. T. H. MacDonald, Messrs, Baldwin & Baldwin, Kalispell, for respondent.

Mr. Cumming and Mr. MacDonald argued orally.

PER CURIAM.

One Ben Hansen has taken this appeal from an order made,

rendered and entered August 30, 1956, by the district court of the eleventh judicial district of the State of Montana, in and for the County of Flathead, denying his motion for restitution in a certain cause pending in that district court entitled Hansen v. Hansen, No. 12,264 on its docket and records. Previously the judgment in that case entered below on July 8, 1952, had been brought here on Ben Hansen's appeal and modified. Hansen v. Hansen, 129 Mont. 261, 297 Pac. (2d) 879. But the record and the appeal now before us reveal the fact that when the remittitur of this court and its judgment entered on the former appeal went down to the district court the judge of that court erroneously ordered that the original judgment of July 8, 1952, "stand for naught." Neither our judgment nor remittitur to the district court directed any such entry. Both that remittitur and that judgment plainly commanded the modification only of the judgment in the district court, not that it stand for naught in its entirety. In other words save as our judgment on appeal modified the judgment of the lower court that judgment yet remains in force and effect.

Our mandate to the district court on the first appeal taken in Hansen v. Hansen must be interpreted in the light of our controlling statute which is R.C.M. 1947, section 93-8025. This statute governs the entry of judgment in a district court after an appeal to this court, and in the case now before us commanded the clerk of the district court of Flathead County to enter the modified judgment which this court directed. We have here simply a ministerial duty imposed by this statute upon the clerk of the district court to attach the certificate to our judgment to the judgment roll with him, and thereupon to enter a minute of our judgment on his docket against the original entry. Of course, the clerk of the district court may sign and record a formal judgment with him upon the receipt of our remittitur, as is the accepted practice in this jurisdiction. But whatever is to be done here is to be done by the clerk in entering and recording our judgment, which is the performance of a ministerial duty only. See State ex rel. Dolenty v. Reece, 43

Mont. 291, 293, 115 Pac. 681; Lasby v. Burgess, 93 Mont. 349, 353, 18 Pac. (2d) 1104.

The modification of the judgment of the district court which ■ we directed is specifically spelled out in our own judgment. There is no room left for the exercise of judicial discretion below as was the case before this court in State ex rel. United States F. & G. Co. v. District Court, 77 Mont. 594, 606, 251, Pac. 1061.

When the clerk of the district court has performed here his ■ ministerial duty, the judgment so entered is the judgment of this court. Compare Kimpton v. Jubilee Placer Min. Co., 22 Mont. 107, 55 Pac. 918; Lasby v. Burgess, supra. The entry of our judgment by the clerk of the district court as directed by statute *ipso facto* modifies the judgment theretofore entered by the district court; and the judgment of this court so entered becomes the final judgment in the cause. R.C.M. 1947, section 93-216; State ex rel. United States F. & G. Co. v. District Court, supra, 77 Mont. at page 600, 251 Pac. at page 1062, et seq.

Where, as here, it is brought to this court's attention on an ■ appeal pending before it that its judgment has not been entered by the clerk of the district court as the final judgment in a cause and as are the circumstances here, it is this court's duty to cause the error to be corrected. Kimpton v. Jubilee Placer Min. Co., supra.

In the judgment of this court, entered on the previous appeal, which directed the modification of the judgment of the district court, there is neither uncertainty nor ambuity. The phrase *"from any other proceeds of that business now* in the hands of the receiver" plainly and *unmistakably refers to any moneys coming from that business in addition to the proceeds of the sale of the partnership property and business.* Thereby the proceeds of the sale of the partnership property and business are neither restricted nor touched upon at all; for the adverb *"now"* refers only to the phrase *"from any other* proceeds of that business"*. Only by a strained construction moved by deliber-

ate attempt to render ineffective the judgment of this court could any other construction be placed upon this language of that judgment in this court.

Therefore it is hereby ordered, and this does order, that the judgment of the district court in cause No. 12, 264 of said court, entered therein on June 20, 1956, be stricken and held for naught. Further the clerk of the district court of Flathead County is hereby directed in accordance with the mandate of R.C.M. 1947, section 93-8025, and accordingly ordered, to attach the certificate of the clerk of this court and the opinion and judgment thereto attached in cause No. 9281 in this court, 129 Mont. 261, 297 Pac. (2d) 879, and cause No. 12,264 in the district court of the State of Montana, in and for the County of Flathead, to the judgment roll therein in his court, and to make a minute entry of the judgment of the supreme court on his docket against the original entry in said cause. Said judgment is the judgment of this court and is the final judgment in said cause.

Let a certified copy of this order be served upon the district court for Flathead County and its clerk and upon the Honorable Dean King, the judge thereof.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES DAVIS and BOTTOMLY, concur.