This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **No. 34,131**

**JASON CHRISTOPHER MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Jason Christopher Martinez (Defendant) appeals from the judgment and sentence convicting him of burglary, larceny, and criminal damage to property. [RP 193] This Court's notice of proposed disposition proposed to affirm Defendant's convictions. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment and sentence.

{2}     Initially, we note that a party responding to this Court's proposed disposition must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, some of the factual information provided by counsel is attributed to conversations with Defendant, and counsel has not indicated whether these facts were actually before the district court. [MIO 1, 4] Unlike trial counsel, a Defendant is not an officer of the court and is not bound by a duty of candor toward the tribunal. Moreover, counsel does not point out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. We suggest that inclusion of information that has not been asserted as being before the district court

is not an efficient use of counsel's or this Court's time, and is of little use in assessing the merits of the proposed disposition.

{3}     Defendant asserts that his trial counsel arrived late for trial and was not present when the district court judge engaged in discussion with the jury panel when it became apparent that the judge was personally familiar with several prospective jurors. [MIO 1-2] This Court's notice proposed to affirm because Defendant did not indicate whether or how the issue was preserved for review on appeal and he failed to meet his burden of showing how the district court erred. [CN 3] In response, Defendant states that because trial counsel did not witness these interactions, he did not make a record or otherwise object to the proceedings. [MIO 2]

{4}     Because Appellant failed to demonstrate that the claim of judicial bias was preserved at trial as required by Rule 12-213(A)(3) NMRA and the record fails to contain evidence supporting such a contention, we affirm. *See Trujillo v. City of Albuquerque,* 1993-NMCA-114, ¶ 22, 116 N.M. 640, 866 P.2d 368 (agreeing with the notion that a claim of judicial bias not made apparent in the record is not for appellate review). Despite the additional information provided, Defendant still has not shown bias or prejudice. *See State v. Fernandez*, 1994-NMCA-056, ¶ 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{5} Defendant also claims he was denied effective assistance of counsel because his attorney arrived late and failed to object, make a record, or request a mistrial or other relief, and that such errors constituted fundamental error. [MIO 2] However, the record before us is insufficient for us to address on direct appeal whether there is any merit to Defendant's ineffective assistance claim. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517 (declining to review an ineffective assistance claim on direct appeal, without prejudice to a defendant's right to make an adequate record and seek relief in the context of a post-conviction habeas corpus proceeding).

{6} Defendant also continues to argue that counsel was ineffective for failing to object to the admission of pictures of him posed deliberately in the same clothing as the person pictured in the surveillance video. [MIO 4] While Defendant acknowledges that case law does not support his argument that his constitutional right against self-incrimination was violated, relying on *State v. Johnson*, 2004-NMCA-058, ¶ 14, 135 N.M. 567, 92 P.3d 13, he argues for the first time in his memorandum in opposition that due to the suggestive nature of the photo, it was similar to a suggestive police showup, which he asserts are generally excluded due to the high risk of misidentification. [MIO 4-5] We construe Defendant's argument as a motion to amend the docketing statement and we deny the motion because Defendant does not indicate whether the argument was raised below and made a part of the record. *See State v.*

4

*Moore,* 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (discussing the necessity for good cause to amend the docketing statement, which includes requiring that "the motion must show the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal"), *overruled on other grounds State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}** To the extent Defendant continues to argue that it was ineffective assistance of counsel to not object to the photos, we affirm. This Court's notice proposed to conclude that Defendant has not met his burden of demonstrating ineffective assistance of counsel because we could not say that objecting to the photos, which were relevant, would have changed the result. *See State v. Pettigrew*, 1993-NMCA-095, ¶ 10, 116 N.M. 135, 860 P.2d 777 ("Photographs are the pictured expressions of data observed by a witness. They are often more accurate than any description by words, and give a clearer comprehension of the physical facts than can be obtained from the testimony of witnesses.") (internal quotation marks and citations omitted)). Defendant did not point out specific errors in fact or law with the proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24. Rather, Defendant argues given that the first trial ended in a mistrial, the Court should find there exists a reasonable probability that admitting the photos in evidence changed the outcome of the second trial and therefore establishes the prejudice necessary to conclude there was

ineffective assistance of counsel. However, because the record is insufficient to establish whether defense counsel's action was reasonable or if it caused prejudice, "instead of remanding the matter to the trial court, this Court prefers that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions." *Arrendondo*, 2012-NMSC-013, ¶ 38.

{8}     As to the remaining issues, Defendant continues to challenge the admission of the value of the stolen goods, adding habitual offender findings based on Defendant's convictions in Texas, and running Defendant's sentences consecutively. Because Defendant did not point out any error in the law relied upon in the notice of proposed disposition, we affirm. *See Hennessy*, 1998-NMCA-036, ¶ 24.

{9}     For all of the above reasons, and those stated in the notice of proposed disposition, we affirm the judgment and sentence.

{10}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

6

**J. MILES HANISEE, Judge**